CAMPBELL, Judge.
This appeal is taken from a final judgment rendered against appellant United Telephone Company of Florida, in its action for declaratory judgment which sought to have declared invalid an attempted assessment of additional tangible personal property taxes. We reverse.
Appéllant filed tangible personal property tax returns with the property appraiser of Collier County, Florida, for 1975 and 1976. Each return reflected a total net operating personal property valuation and a lower net taxable value. The property appraiser accepted the returns and certified the tax rolls for each year to the Florida Department of Revenue and the tax collector of Collier County for collection of the taxes based on the lower net taxable value. Tax notices based on the certified returns were sent to appellant and timely paid.
In December of 1977, the property appraiser of Collier County sent appellant certificates for correction for the 1975 and 1976 tax rolls which revalued the assessed property and increased the taxes for which appellant would be liable for 1975 and 1976, and levied a fifteen percent penalty. The certificates for correction stated that they were directed to appellant pursuant to sections 193.072 and 193.092, Florida Statutes (1977). As a result of the increased valuation and tax assessment brought about by the certificates for correction, appellant filed its action for declaratory judgment. Appellee Property Appraiser of Collier County testified that the corrected assessments were not based on any additional properties being assessed which had been omitted from appellant’s tax returns. In *595 fact, he testified that in preparing the corrections he worked solely from the figures supplied by appellant on the returns which had been accepted. He stated that he incorrectly based his assessment on the net taxable value listed on appellant’s returns, rather than the net operating personal property valuation which was also listed on the returns.
Section 193.092, relied upon by the property appraiser, is not a basis for the correction of the tax returns as accepted and certified by him. That section is available to assess property that has “escaped taxation” and no property was omitted from appellant’s returns. It is the valuation for tax purposes which the tax appraiser questions. In Okeelanta Sugar Refinery, Inc. v. Maxwell, 183 So.2d 567, 568 (Fla. 4th DCA 1966), the court held:
To “escape taxation” means to get free of tax, to avoid taxation, to be missed from being taxed, or to be forgotten for tax purposes. Once the Tax Assessor has certified the tax roll and the tax levied thereon paid on particular described property, said property cannot again be taxed for that particular year.
In Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971), the court held that once the tax roll has been certified and the tax levied thereon paid, the property upon which taxes have been paid cannot again be taxed for that year even though the tax appraiser has mistakenly, inadvertently or negligently assessed the property for taxation. Though the trial court’s final judgment relied on section 193.073, rather than section 193.092, that section does not validate the attempted corrected assessment. We do not construe section 193.073 to allow correction of erroneous returns after the tax rolls have been certified and the taxes paid.
REVERSED and REMANDED.
DANAHY, A.C.J., and SCHOONOVER, J., concur.