520 So.2d 284 (1988)
In re ADVISORY OPINION TO the ATTORNEY GENERAL, LIMITATION OF NON-ECONOMIC DAMAGES IN CIVIL ACTIONS.
No. 71701.
Supreme Court of Florida.
February 26, 1988.
*285 Robert A. Butterworth, Atty. Gen., Tallahassee, for petitioner.
Frederick B. Karl of Karl, McConnaughhay, Roland and Maida, Tallahassee, and William H. Adams, III of Mahoney, Adams, Milam, Surface & Grimsley, Jacksonville, for Florida Committee for Liability Reform Supporting Validity of the Proposed Amendment and Ballot Summary.
Robert P. Smith, Jr. and David L. Powell, Tallahassee, for Academy of Florida Trial Lawyers Opposing Validation of the Proposed Initiative and Referendum.
*286 PER CURIAM.
The attorney general has petitioned this Court for an advisory opinion on the validity of an initiative petition amending article I, section 21 of the Florida Constitution. We have jurisdiction. Art. IV, § 10, Fla. Const.; § 16.061, Fla. Stat. (1987).
We examine the text of the proposed amendment to determine if it meets the single subject test of article XI, section 3 of the Florida Constitution and the ballot title and substance for compliance with section 101.161, Florida Statutes (1987). See In Re: Advisory Opinion to the Attorney General, English-The Official Language of Florida, 520 So.2d 11 (Fla. 1988).
The initiative petition reads as follows:
Section 1.
Article 1, Section 21 of the Florida Constitution is amended by adding the following: provided that a person entitled to recover damages for bodily injury in any action brought after the effective date of this Amendment may not recover an aggregate of more than $100,000 for non-economic losses. Non-economic losses include pain and suffering, inconvenience, mental anguish, loss of capacity to enjoy life, loss of consortium and other non-pecuniary losses.
Section 2.
Article 1, Section 21 of the Florida Constitution is further amended by adding the following: By general law the maximum amount recoverable may be adjusted to conform to changes that occur after the effective date of this Amendment in a consumer price index published by the United States Government.
Section 3. Schedule.
A) If this Amendment is held invalid for containing more than one subject, this Amendment shall be limited to Section 1.
B) This Amendment shall take effect thirty days after the date of the election at which it is approved.
The ballot title and summary for the proposed amendment provides:
LIMITATION OF NON-ECONOMIC DAMAGES IN CIVIL ACTIONS
Amendment provides that a person entitled to recover damages for bodily injuries in any action may not recover more than $100,000 for non-economic losses; defines non-economic losses to include pain and suffering, inconvenience, mental anguish, loss of capacity to enjoy life, loss of consortium and other non-pecuniary losses; provides by general law the maximum amount recoverable may be adjusted utilizing a consumer price index published by the United States Government; provides an effective date.
The Florida Committee for Liability Reform has submitted briefs in support of the proposed amendment and the Academy of Florida Trial Lawyers has submitted briefs in opposition. Both parties appeared at oral argument. The committee argues that the cap on non-economic damages in section one is a single subject, that sections two and three are directly related thereto, and that the proposed amendment is analogous to those which we approved in Carroll v. Firestone, 497 So.2d 1204 (Fla. 1986), and Floridians Against Casino Takeover v. Let's Help Florida, 363 So.2d 337 (Fla. 1978), receded from in part by Fine v. Firestone, 448 So.2d 984 (Fla. 1984), and unlike those we disapproved in Fine and Evans v. Firestone, 457 So.2d 1351 (Fla. 1984).
The academy argues that we should strictly scrutinize the proposed amendment and that sections one and two are not directly related and embrace both legislative and judicial functions, that they mix economic and non-economic subjects, and that they improperly permit legislative amendment of constitutional articles. The academy also argues that the severability clause in section three is not proper for a proposed amendment under the new advisory opinion procedure. The committee denies the academy's arguments.
We have carefully examined the text of the proposed amendment and conclude that it contains a single subject and directly connected matter. Although placing a cap on non-economic damages by *287 legislative action may be unconstitutional as we found in Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987), there is no constitutional impediment to the citizenry itself placing such a cap on non-economic damages by constitutional amendment. The examples of non-economic damages given in section one are not inclusive and we see no constitutional reason why the sponsors are required to propose an inclusive list. Section two provides a method of adjusting the cap to meet changes in economic conditions so as to maintain the comparable value of the cap over time. This section is directly connected to section one. Similarly, section three, which contains a severability clause and an effective date, is directly connected to section one.
Concerning the ballot summary, the academy argues that the summary conceals from the electorate that the cap will also limit damages for physical impairment and disfigurement. In support, the academy cites section 768.80, Florida Statutes (1987), and standard jury instructions, which define non-economic damages to include physical impairment and disfigurement. The committee responds that damages from physical impairment and disfigurement may encompass both economic and non-economic damages and that it would be misleading to include the two terms as examples of non-economic damages which would be capped: to the extent that physical impairment and disfigurement cause economic losses, as in lost income or medical expenses, they are not capped; to the extent they cause non-economic damages, as with pain and suffering, they are capped.
The committee correctly observes that statutes and jury instructions which are inconsistent with the constitution, if it is amended, will simply have to give way. The committee argues that it has fully complied with all the constitutional provisions, to date, of placing a proposed amendment on the ballot and it cannot constitutionally be prevented from doing so because of any failure, or alleged failure, to meet the additional statutory requirements of section 101.161. In the committee's view, the ballot summary, while useful, is not a bar to placing the proposed amendment on the ballot for voter consideration. We agree with the committee that physical impairment and disfigurement may produce both economic and non-economic damages and that economic damages are not capped by the proposed amendment. Further, as the committee points out, proposed amendments to the constitution are not required to be consistent with statutory law or jury instructions and may require modification in such law or instructions. We conclude that the ballot summary accurately tracks and describes the proposed amendment and thus complies with section 101.161. Having so concluded, it is not necessary to reach the issue of whether noncompliance with section 101.161 bars a proposed amendment from the ballot.
We hold that the initiative petition meets the legal requirements of article XI, section 3 of the Florida Constitution and the ballot summary meets those of section 101.161. In reaching our conclusion, we emphasize that our opinion should not be construed as either favoring or opposing the passage of this amendment.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.