Honorable Kenneth M. Wilkinson Lee County Property Appraiser
QUESTION:
1. When does the amendment to s. 4, Art. VII, State Const., restricting homestead valuation become effective?
2. When does the limitation on increases in homestead valuation to three percent of the assessment for the prior year or the percentage change in the Consumer Price Index, whichever is lower, apply?
SUMMARY:
1. Since the amendment to s. 4, Art. VII, State Const., fails to provide for an effective date, the effective date is governed by the provisions of s. 5(c), Art. XI, State Const., which state that the amendment becomes effective as an amendment to the Constitution on the first Monday in January following the election, i.e., January 5, 1993.
2. Due to the significance of this issue and the need for a speedy judicial resolution, this office suggests that this issue be presented to court for resolution by declaratory judgment.
At the November 3, 1992 general election, the electorate approved the following amendment to s. 4, Art. VII, State Const.:
 (c) All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein.
1. Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
(A) three percent (3%) of the assessment for the prior year.
(B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
2. No assessment shall exceed just value.
3. After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein.
4. New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead. That assessment shall only change as provided herein.
5. Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein.
6. In the event of a termination of homestead status, the property shall be assessed as provided by general law.
7. The provisions of this amendment are severable. If any of the provisions of this amendment shall be held unconstitutional by any court of competent jurisdiction, the decision of such court shall not affect or impair any remaining provisions of this amendment.
The amendment as presented to the electorate did not provide for an effective date.
AS TO QUESTION 1:
Section 5, Art. XI, State Const., provides for submission to the electorate of a proposed amendment to or revision of the constitution, or any part thereof, by "joint resolution, initiative petition or report of revision commission, constitutional convention or taxation and budget reform commission . . . ." Pursuant to s. 5(c), Art. XI, State Const.:
If the proposed amendment or revision is approved by vote of the electors, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after the first Monday in January following the election, or on such other date as may be specified in the amendment or revision.[1]
As noted above, the amendment to s. 4, Art. VII, State Const., was approved by the electorate during the November 1992 election. Although you state the sponsors intended the amendment to be effective as of the date of the election at which it was approved, no such provision is contained in the amendment itself.
Such a result could have been accomplished by a provision in the amendment stating that the amendment shall take effect on the date of the election at which it is approved by the electorate.[2]
For example, the amendment to s. 4, Art. VI, State Const., to limit political terms of certain elective offices, known as "Eight is Enough," which was also proposed by initiative petition and was approved during the November 1992 general election, clearly states that "[t]his amendment shall take effect on the date it is approved by the electorate . . . ."
However, the amendment to s. 4, Art. VII, State Const., as drafted and passed by the electorate, contains no effective date. This office has previously recognized that where an amendment does not specify an effective date, it becomes effective, pursuant to s. 5(c), Art. XI, State Const., on the first Tuesday after the first Monday in January following the election.[3]
This is not a question of construction or interpretation of the language of the amendment as the amendment is silent as to its effective date. This office has no authority to supply words or additional provisions to the amendment, as adopted by the electorate. The failure of the drafters of the amendment to include an effective date, necessarily results in the provisions of s. 5(c), Art. XI, State Const., controlling when the amendment becomes effective.
Therefore, inasmuch as the amendment to s. 4, Art. VII, State Const., passed by the electors during the November 1992 general election, fails to state when it becomes effective, the amendment takes effect, pursuant to s. 5(c), Art. XI, State Const., on January 5, 1993.
AS TO QUESTION 2:
Section 4(c), Art. VII, State Const., provides in pertinent part:
All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein.
Pursuant to s. 4(c)1., Art. VII, State Const., "[a]ssessments subject to this provision shall be changed annually on January 1st of each year, but those changes in assessments shall not exceed the lower of" three percent of the prior year's assessment or the percentage change in the Consumer Price Index.
As discussed in the previous question, the amendment becomes effective January 5, 1993. The January 1 of the year following the effective date of the amendment would, therefore, be January 1, 1994. The issue has been raised whether the just value assessment on that date is subject to the cap imposed by the amendment or whether the limitation on increases in homestead valuation is imposed in the year following the homestead's assessment at full value under the amendment.
The issue presented by your second question is one which will have a significant impact on local governments and school districts in this state. In light of this impact and the need for amendatory legislation, a speedy judicial resolution of this issue is essential. For that reason, this office suggests that this matter be submitted to the courts for resolution by declaratory judgment.[4]
RAB/tjw
[1] See, s. 5(a), Art. XI, State Const. (proposed amendment to or revision of Constitution to be submitted to electors at next general election held more than ninety days after the joint resolution, initiative petition, or report of revision commission, constitutional convention or taxation and budget reform commission proposing it has been filed with the Secretary of State).
[2] Compare, the proposed initiative petition to amend s. 21, Art. I, State Const., to limit non-economic damages in civil actions. Section 3 of the proposed amendment provided that "[t]his Amendment shall take effect thirty days after the date of the election at which is approved." See, In re Advisory Opinion to Attorney General, 520 So.2d 284 (Fla. 1988).
[3] See, AGO 88-60 stating that inasmuch as the joint resolution to amend s. 3, Art. VII, State Const., to extend the property tax exemption for widows to widowers did not specify an effective date, the effective date for the amendment was the first Tuesday after the first Monday in January following the election.
[4] See, this office's Statement Concerning Attorney General Opinions, 1991 Annual Report of the Attorney General, p.ix, stating that particularly difficult or momentous questions of law should be submitted to the court for resolution by declaratory judgment and when deemed appropriate, this office will recommend that course of action.