72 So.2d 796 (1954)
HILL
v.
MILANDER, Mayor, et al.
Supreme Court of Florida. En Banc.
May 11, 1954.
Rehearing Denied June 10, 1954.
*797 Franklin Parson, Miami, for appellants.
Arthur Primm and Anderson & Nadeau, Miami, for Henry Milander.
E.F.P. Brigham, Phillip Goldman, and Burton M. Michaels, Miami, for James H. Goodlet, A.H. Caswell, William Lockward, Roy F. Woodruff, Charles E. Brady, J.H. Smith, Milton Thompson and City of Hialeah.
DREW, Justice.
The sole question involved in this appeal is whether Chapter 29113, Laws of Florida, Special Acts of 1953, has become a law pursuant to the provisions of Section 2 of the Act providing, "This Bill shall not become effective until approved by a majority vote of those electors voting on this Bill at the election to be held in the City of Hialeah on September 8, 1953."
It is clear from the record that an election was held on September 8, 1953 in the City of Hialeah; that voting machines were required to be used and were used in conducting said election; that there appeared on the ballot at said election on said date the following proposition: "Shall the Hialeah Council appoint a Board to prepare a proposed new City Charter as provided by Chapter 29113, Laws of Florida, 1953"; and that on said proposition 4,331 electors voted, 2,892 voting yes and 1,439 voting no.
Appellants contend here that said Section 2 of the Special Act mandatorily required the entire bill to be printed on the ballot and that the failure of those charged with the responsibility of conducting said election to do so constituted a fatal defect in the election and rendered the same invalid.
Pursuant to appropriate proceedings in the court below and after evidence had been taken, the lower court held, inter alia: "that the election held on September 8, 1953 pursuant to Section 2 of Chapter 29113, Laws of Florida, Special Acts of 1953, at which election said Chapter 29113 was approved by a majority vote of the electors voting on said law at said election, was a valid and lawful election, making and rendering the said Chapter 29113, Laws of Florida, Special Acts of 1953, effective and operative."
*798 Under the provisions of the Florida Constitution, Art. III, Sec. 21, F.S.A., special or local laws affecting cities and towns may be enacted by the Legislature after notice of the intention to seek the passage of such act has been duly published or posted as provided by law, or where the bill so passed contains a provision for submitting such act to the qualified electors of the city or town to be affected thereby. In this instance the Legislature chose to provide that the act should be submitted to the qualified electors of the City of Hialeah for their approval or rejection.
The lower court before whom the evidence in this case was taken, decreed that the election held September 8, 1953 was a valid and lawful election and that as a result thereof Chapter 29113, supra, was approved by the qualified electors of the City of Hialeah. Inherent in this result is a finding that the phraseology of the ballot above quoted together with such other information as was made available to the electors of the City of Hialeah in the weeks preceding said election, was sufficient to advise each of those participating in said election as to the content and substance of the act they were voting upon. The evidence which was before the Circuit Judge is not before us. It was not included in the record. Under such circumstances and numerous decisions by this Court, we are bound by his findings in that respect. We must assume, therefore, that the electors had full knowledge of the proposition upon which they were voting.
We cannot agree with the argument advanced by appellants that Section 2 of the Act required the printing of the whole bill on the ballot. In the first place, we take judicial knowledge of the limitations inherent in the use of voting machines so far as the amount of printed material thereon is concerned. In numerous instances we have held that the only requirements in a election of this kind are that the voter should not be misled and that he have an opportunity to know and be on notice as to the proposition on which he is to cast his vote. In the case of Sylvester v. Tindall, 154 Fla. 663, 18 So.2d 892, we passed upon the sufficiency of the ballot used in the general election when the Constitutional Amendment creating and establishing the Game and Fresh Water Fish Commission was submitted to the electorate of this State. That act is far more involved than the act under discussion here and when approved by the electorate became a part of the organic law in this State. We approved there a proposition on the ballot consisting of thirty-six words. In this connection we take judicial knowledge of the many other Constitutional Amendments of much greater length that have been submitted to and approved by the electorate of this State and which have become a part of our organic law. All that the Constitution requires or that the law compels or ought to compel is that the voter have notice of that which he must decide. It is a matter of common knowledge that many weeks are consumed, in advance of elections, apprising the electorate of the issues to be determined and that in this day and age of radio, television, newspaper and the many other means of communicating and disseminating information, it is idle to argue that every proposition on a ballot must appear at great and undue length. Such would hamper instead of aiding the intelligent exercise of the privilege of voting. It is a matter of common knowledge that one does not wait until he enters the election booth to decide how he is going to cast his ballot. What the law requires is that the ballot be fair and advise the voter sufficiently to enable him intelligently to cast his ballot. We think the ballot under question amply complies with these requirements.
It is argued that the only proposition that was voted on by the electors was whether the Council should appoint a board to prepare a proposed new city charter. An examination of the proposition, however, makes it crystal clear that the authority to appoint the board must be derived from the provisions of the Chapter 29113, Laws of Florida, Special Acts of 1953, referred to on the ballot. The approval of the appointment was necessarily the approval of the act.
*799 In the case of Routt v. Barrett, 396 Ill. 322, 71 N.E.2d 660, 665, in passing upon an almost identical proposition, the Supreme Court of Illinois said:
"Plaintiffs contend that the words of the constitutional provision `unless the law authorizing the same shall, at a general election, have been submitted to the people,' requires that the proposition to be printed on the ballot should call for a vote upon the acceptance or rejection of the law. It will be observed that section 3 of article 4 of the act and the form of ballot prescribed direct that the vote shall be on the question, `Shall the State of Illinois contract a debt of $385,000,000.00?'
* * * * * *
"The contention made requires consideration as to whether there is any substantial difference between the meaning of a proposition to be voted upon which says `Shall an act of the General Assembly entitled "An Act",' etc. (which authorizes the creating of a debt) become a law, and a proposition which says `Shall the State of Illinois contract a debt of $385,000,000.00 and issue bonds to that amount maturing within 25 years after their date, pursuant to "An Act",' etc., (which act authorizes the creating of a debt.) If there is no difference, then the constitutional mandate was complied with in this case. The purpose of the constitutional provision was to place a limit on the power of the General Assembly to borrow money on the credit of the State. Before a debt such as the one provided for in the Bonus Act could be created, the General Assembly had to adopt a law which necessarily had to include the purpose for which the debt was to be incurred, the time and terms of payment, the rates of interest and other provisions incidental to giving effect to the law. But the primary purpose of requring a vote of the people was to determine whether they approved the incurring of a debt for the particular purpose stated in the law. It is not conceivable how an elector could be misled by the language used in the form of ballot prescribed in the act. It would be hypercritical to hold that the submission of a question as to whether the debt provided for in the law should be contracted was not in fact a submission of the law which proposed the incurring of the debt. The contention is without merit."
We entirely agree with the conclusions reached by the Supreme Court of Illinois.
It is true that Chapter 29113 provides that the Charter Board shall submit a proposed charter to the City Council of the City of Hialeah within ninety days from its appointment and that the City Council shall call a special election within sixty days thereafter for the purpose of submitting said charter to the qualified electors of said municipality and that "If approved by a majority of said electors participating in said election, the proposed City Charter shall then become the Charter of the City of Hialeah and all laws and parts of laws in conflict therewith shall be automatically repealed." While not argued in the original briefs filed in this cause, it was suggested at the Bar of this Court in oral argument that the quoted language was an unlawful delegation of legislative power and rendered the subject act invalid and unconstitutional. Some members of the Court felt that such a question was so basically involved in this case that it might be determinative of the issues and the Court allowed the filing of supplemental briefs on the question. On further reflection, however, we conclude the question is not properly before us at this time. The Charter so submitted may not receive the approval of the qualified electors and for that reason the question may never arise. We specifically make no finding on that question in this case.
Affirmed.
ROBERTS, C.J., and TERRELL, THOMAS, and HOBSON, JJ., concur.
SEBRING, J., not participating.