520 So.2d 11 (1988)
In re ADVISORY OPINION TO THE ATTORNEY GENERAL ENGLISH  THE OFFICIAL LANGUAGE OF FLORIDA.
No. 71431.
Supreme Court of Florida.
February 4, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, for petitioner.
W. Dexter Douglass of Douglass, Cooper, Coppins & Powell, Tallahassee, for Florida English Campaign and U.S. English Legislative Task Force, Inc., Proponents of the Initiative Measure.
Barnaby W. Zall, U.S. English, Washington, D.C. and Bruce Fein, Great Falls, Va., for U.S. English in support of Florida English Campaign and U.S. English Legislative Task Force, Inc., Proponents of the Initiative Measure.
Lawrence D. Pratt, President, Springfield, Va., for English First, In Support Of The Florida Initiative Petition For An English Language Amendment To The Florida Constitution.
Paul Siegel, Miami, for Committee for Constitutional Honesty, In Opposition To Placing the "English-Official Language" Proposition On The Ballot.
Edna E. Canino, Miami, for League of United Latin American Citizens, LULAC, and Calixto Anaya, Florida State Director In Opposition in the matter of the "English Only Constitutional Amendment."
Roger L. Rice and Camilo Perez-Bustillo, Multicultural Education, Training and Advocacy, Inc., Somerville, Md., amicus curiae for Aspira of Florida (Miami), Bilingual Association of Florida, Coalition of Hispanic American Women, Cuban American Democratic Association of Florida, Greater Miami United, Haitian American Community Association of Dade (HACAD), and National Conference of Puerto Rican Women  Miami Chapter.
*12 Charlene Miller Carres, American Civil Liberties Union Foundation of Florida, Inc., Tallahassee, Florida; Martha Jimenez, G. Mario Moreno, Antonia Hernandez and E. Richard Larson, Mexican American Legal Defense and Educational Fund, Washington, D.C.; and Linda Flores and Juan Cartagena, Puerto Rican Legal Defense and Education Fund, Inc., New York, New York, amici curiae.
PER CURIAM.
In order to provide for early resolution of the validity of initiative petitions, the voters of Florida adopted the following amendment to our constitution in 1986:
The attorney general shall, as directed by general law, request the opinion of the justices of the supreme court as to the validity of any initiative petition circulated pursuant to Section 3 of Article XI. The justices shall, subject to their rules of procedure, permit interested persons to be heard on the questions presented and shall render their written opinion expeditiously.
Art. IV, § 10, Fla. Const.
Thereafter, the legislature directed the attorney general, upon the receipt of a proposed revision or amendment by initiative petition, to petition this Court for an advisory opinion regarding the compliance of the text thereof with article XI, section 3 of the Florida Constitution and compliance of the proposed ballot title and substance with section 101.161, Florida Statutes (1987). § 16.061. Fla. Stat. (1987).
Pursuant to the foregoing authority, the attorney general has now written a letter to this Court requesting our opinion as to the validity of an initiative petition which has been circulated pursuant to article XI, section 3 of the Florida Constitution. In response, this Court entered an order permitting briefs to be filed by interested parties and heard oral arguments on the subject.
The petition seeks to add a new section to article II of our constitution which would provide:
Section 9. English is the Official Language of Florida
(a) English is the official language of the state of Florida.
(b) The Legislature shall have the power to enforce this section by appropriate legislation.
The ballot title and summary for the proposed amendment provides:
English is the Official Language of Florida
Establishes English as the official language of the State of Florida: Enables the legislature to implement this article by appropriate legislation.
In his letter the attorney general raises the question of whether the proposed amendment may be so broad as to violate the single-subject requirement of article XI, section 3 of the Florida Constitution which provides in pertinent part:
The power to propose the revision or amendment of any portion or portions of this constitution by initiative is reserved to the people, provided that, any such revision or amendment shall embrace but one subject and matter directly connected therewith.
In Fine v. Firestone, 448 So.2d 984 (Fla. 1984), this Court stated:
The purpose of the single-subject requirement is to allow the citizens to vote on singular changes in our government that are identified in the proposal and to avoid voters having to accept part of a proposal which they oppose in order to obtain a change which they support.
Id. at 993. To comply with the one subject limitation, the proposed amendment must have a "logical and natural oneness of purpose." Id. at 990.
The opponents of the proposed amendment argue that it is so broad that it may impact on other portions of the Florida Constitution. They suggest the possibility that legislation might be passed to implement the amendment which could, for example, abridge the freedom of speech or the press, violate due process or invade the right of privacy. The difficulty with these arguments is that there has been no such legislation, and the proposed amendment does not mandate any legislation. Moreover, *13 it would be premature to speculate how the amendment might interact with other portions of the constitution as applied to a given factual situation. It may be that, if passed, the amendment could have broad ramifications. Yet, on its face it deals with only one subject.
In Carroll v. Firestone, 497 So.2d 1204 (Fla. 1986), this Court sustained the validity of the constitutional amendment permitting a lottery even though it also contained language that the net proceeds "shall be deposited to a state trust fund, to be designated The State Education Lotteries Trust Fund, to be appropriated by the Legislature." Id. at 1205-06. The Court held that the portion of the amendment which prescribed the tentative recipient of the revenue was directly connected to the primary purpose of authorizing a lottery. Likewise, the provision for legislative implementation set forth in the current amendment is directly connected to establishing English as the official state language.
The attorney general further suggests that this Court may also wish to consider whether the ballot title and the explanation of the substance of the amendment meet the requirements of section 101.161, Florida Statutes (1987). In reviewing the requirements of this statute, our Court has stated:
"[T]he voter should not be misled and ... [should] have an opportunity to know and be on notice as to the proposition on which he is to cast his vote.... What the law requires is that the ballot be fair and advise the voter sufficiently to enable him intelligently to cast his ballot."
Askew v. Firestone, 421 So.2d 151, 155 (Fla. 1982) (emphasis omitted) (quoting Hill v. Milander, 72 So.2d 796, 798 (Fla. 1954)).
The attorney general points out that the ballot summary states that the amendment enables the legislature to "implement this article" by appropriate legislation, whereas the amendment itself gives the legislature the power "to enforce this section" by appropriate legislation. Though their meanings are not precisely the same, the words "implement" and "enforce" are considered synonyms. Webster's Third New International Dictionary 751 (1976). The reference to "article" rather than "section" appears to have been inadvertent. As a whole, the ballot summary fairly reflects the chief purpose of the proposed amendment. The differing use of terminology could not reasonably mislead the voters. We cannot accept the contention that the seventy-five word ballot summary required by the statute must explain in detail what the proponents hope to accomplish by the passage of the amendment.
We hold that the initiative petition meets the legal requirements of article XI, section 3 of the Florida Constitution as well as those of section 101.161, Florida Statutes (1987). In reaching our conclusion, we emphasize that our opinion should not be construed as either favoring or opposing the passage of this amendment.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.