581 So.2d 586 (1991)
In re ADVISORY OPINION TO the ATTORNEY GENERAL  HOMESTEAD VALUATION LIMITATION.
No. 77506.
Supreme Court of Florida.
July 3, 1991.
*587 Robert A. Butterworth, Atty. Gen., State of Fla., Tallahassee, for petitioner.
Jeffrey R. Garvin and Theodore L. Tripp, Jr., Garvin & Tripp, P.A., Fort Myers, for proponent.
GRIMES, Justice.
Pursuant to article IV, section 10 of the Florida Constitution and section 16.061, Florida Statutes (1989), the attorney general has asked this Court for an advisory opinion as to the validity of an initiative petition circulated by Save Our Homes, Inc. In response, this Court entered an order permitting briefs to be filed by interested parties and heard oral arguments on the subject.
The petition seeks to add the following subsection to article VII, section 4 of the Florida Constitution:
HOMESTEAD VALUATION LIMITATION
(c) All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein.
1. Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
(A) three percent (3%) of the assessment for the prior year;
(B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967 = 100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
2. No assessment shall exceed just value.
3. After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein.
4. New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead. That assessment shall only change as provided herein.
5. Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein.
6. In the event of a termination of homestead status, the property shall be assessed as provided by general law.
7. The provisions of this amendment are severable. If any of the provisions of this amendment shall be held unconstitutional by any court of competent jurisdiction, the decision of such court shall not affect or impair any remaining provisions of this amendment.
The first issue to be addressed is whether the above provision complies with the single-subject requirement of article XI, section 3 of the Florida Constitution. This article provides that any constitutional revision by initiative "shall embrace but one subject and matter directly connected therewith." To comply with the one-subject limitation, the proposed amendment must have "a logical and natural oneness of purpose." Fine v. Firestone, 448 So.2d 984, 990 (Fla. 1984).
The proposed amendment meets this criterion. It deals with the sole subject of the limitation of increases in valuations of *588 homestead property. The remaining provisions, which provide the details of the scope and implementation of that limitation, are logically connected to the subject of the amendment.
The remaining issue to be decided is whether the proposed ballot title and substance comply with section 101.161, Florida Statutes (1989). The proposed ballot summary reads as follows:
HOMESTEAD VALUATION LIMITATION
Providing for limiting increases in homestead property valuations for ad valorem tax purposes to a maximum of 3% annually and also providing for reassessment of market values upon changes in ownership.
This Court has interpreted section 101.161 as requiring the ballot and title to "be fair and advise the voter sufficiently to enable him intelligently to cast his ballot." Askew v. Firestone, 421 So.2d 151, 155 (Fla. 1982) (emphasis omitted) (quoting Hill v. Milander, 72 So.2d 796, 798 (Fla. 1954)).
The ballot summary could have been drafted more broadly to explain that the increase in homestead property valuation would be limited to the lesser of the annual change in the Consumer Price Index or three percent. However, we do not find this problem fatal. The summary does make it clear that the valuation will be limited to a maximum of three percent. Overall, the summary "fairly reflects the chief purpose of the proposed amendment." In re Advisory Opinion to Attorney General English  Official Language, 520 So.2d 11, 13 (Fla. 1988).
We hold that the initiative petition and proposed ballot summary meet the requirements of article XI, section 3 of the Florida Constitution and section 101.161, Florida Statutes (1989). This opinion should not be construed as favoring or opposing the passage of this amendment. See In re Advisory Opinion English  Official Language, 520 So.2d at 13.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, KOGAN and HARDING, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.