630 So.2d 1044 (1994)
Larry FUCHS, etc., Appellant,
v.
Kenneth M. WILKINSON, etc., Appellee.
No. 82303.
Supreme Court of Florida.
January 13, 1994.
Robert A. Butterworth, Atty. Gen., and Joseph C. Mellichamp, III, Sr. Asst. Atty. Gen., Tax Section, Tallahassee, for appellant.
Theodore L. Tripp, Jr. of Garvin & Tripp, P.A., Fort Myers, for appellee.
Gaylord A. Wood, Jr. of the Law Offices of Wood & Stuart, P.A., Fort Lauderdale, amicus curiae, for William Markham, as Broward County Property Appraiser.
Larry E. Levy, Tallahassee, amicus curiae, for the Honorable C. Raymond McIntyre, Highlands County Property Appraiser, and as President of the Property Appraisers' Ass'n of Florida, Inc.
OVERTON, Justice.
This is an appeal from a summary judgment in which the trial court held that the limitations on the assessed value of homestead property contained in the new amendment to article VII, section 4, of the Florida Constitution, were to become effective on January 1, 1994, rather than January 1, 1995, thus making 1993 the base year on which the limitations apply. The Second District Court of Appeal certified this issue as one of great public importance requiring immediate resolution by this Court. We accept jurisdiction pursuant to article V, section 3(b)(5), of the Florida Constitution. We find that the clear language of the amendment establishes January 1, 1994, as the first "just value" assessment date, and, as a result, requires the operative date of the amendment's limitations, which establish the "tax value" of homestead property, to be January 1, 1995.
On November 3, 1992, Amendment 10, which amended article VII, section 4, of the Florida Constitution, was approved by the *1045 voters of this state. In pertinent part, that amendment provides:
(c) All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein.
1. Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
(A) three percent (3%) of the assessment for the prior year.
(B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967 = 100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
(Emphasis added.) The amendment contained no provision for an effective date. The lack of an effective date is the crux of this case.
Soon after the adoption of this amendment, Kenneth M. Wilkinson, the property appraiser for Lee County, commenced this suit by filing a declaratory judgment action against Larry Fuchs in his capacity as the executive director of the Florida Department of Revenue. In that action, Wilkinson alleged that Amendment 10 became effective November 3, 1992, the date it was adopted by the electorate; that the "just value" assessment date for homestead property contained in the amendment was January 1, 1993; and that the limitations contained in the amendment were to be applied as of January 1, 1994, to calculate the "tax value" of homestead property. Alternatively, Wilkinson contended that, even if the effective date of the amendment was a date other than November 3, 1992, the just value assessment date should still be January 1, 1993, and the limitations contained in the amendment should still be calculated to apply to the 1994 property assessment.
The trial judge ruled that the effective date of the amendment was January 5, 1993, rather than November 3, 1992. Even so, the trial judge accepted Wilkinson's alternative argument, holding that the limitations would apply as of January 1, 1994, thus making 1993 the base "just value" assessment year on which the limitations would apply. The Department of Revenue appealed this decision, which the Second District Court of Appeal certified to us for immediate resolution.
Constitutional amendments often provide that they shall become effective immediately following enactment by the voters or that they shall become effective on a date certain. When, as here, no provision for an effective date is set forth in an amendment, the Florida Constitution requires that the amendment shall become effective "on the first Tuesday after the first Monday in January" following the date of the election in which the voters adopted the amendment. Art. XI, § 5(c), Fla. Const. Because Amendment 10 contained no effective date, under article XI, section 5(c), the amendment became effective on January 5, 1993 (the first Tuesday following the first Monday after the election). Wilkinson has conceded this argument before this Court, and, given the clear mandate of the Constitution, we agree with the trial judge's finding that the amendment became effective on January 5, 1993. We disagree, however, with the trial judge's finding that the limitations on the assessed "just value" would apply as of January 1, 1994. To so find would contradict the plain language of Amendment 10 and would actually interpret the amendment as if it became effective on November 3, 1992. This we cannot do.
Amendment 10 provides that property owners "shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment." The amendment then provides that "[t]his assessment shall change only as provided herein," and that "[a]ssessments subject to this provision shall be changed annually on January 1st of each year." (Emphasis added.) The annual "change" shall not exceed 3% of the prior year's assessment or the "percent change" in the Consumer Price Index, whichever is lower.
As discussed above, the effective date of Amendment 10 is January 5, 1993. Consequently, from the plain reading of the *1046 amendment, January 1, 1994 (the year following the effective date of the amendment), is the date homestead property is to be "assessed at just value." Thereafter, any increase in the assessed value of homestead property may be accomplished only as provided in the amendment; i.e., each January 1 any increase in the assessed value may not exceed 3% of the assessment for the prior year or the percent of change in the Consumer Price Index, whichever is lower. Thus, 1994 becomes the base year upon which the assessed "just value" of the homestead property is determined, and January 1, 1995, becomes the first tax year in which the limitations in Amendment 10 are used to calculate the "tax value" of homestead property.
Wilkinson asks that we reject the plain language of Amendment 10, contending that the voters intended the limitations to apply to the assessed just value of homestead property as of January 1, 1993. The drafters of Amendment 10 had the opportunity to place an effective date in the amendment. Had the drafters provided an effective date of November 3, 1992, then January 1, 1993, would indeed have been the year on which the limitations applied. For whatever reason, the drafters of Amendment 10 failed to provide an effective date, and this Court is bound to apply the unambiguous provisions of the amendment as written. This Court simply has no authority to circumvent the constitutionally mandated effective date or the plain language of the amendment.
Accordingly, we hold that the effective date of Amendment 10 was January 5, 1993; that the first "just value" assessment date will be January 1, 1994; and that the limitation contained in the amendment shall apply as of January 1, 1995. The trial court's summary judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.