710 So.2d 135 (1998)
Timothy "Pete" SMITH, Okaloosa County Property Appraiser, and State of Florida, Department of Revenue, Appellants,
v.
Donald D. WELTON and Ann Welton, his wife, Appellees.
No. 96-3777.
District Court of Appeal of Florida, First District.
April 17, 1998.
*136 Robert A. Butterworth, Attorney General, and Joseph C. Mellichamp, III, Senior Assistant Attorney General, Tallahassee, Attorneys for Appellant Department of Revenue.
John C. Dent and John Chapman of Cook & Dent, Sarasota, for Appellant Okaloosa County Property Appraiser.
Mark H. Welton of Mark Welton & Associates, P.A., Crestview, for Appellees.
BOOTH, Judge.
This cause is before us on appeal from summary judgment for Appellee, based on the trial court's holding that section 193.155(8)(a), Florida Statutes, is unconstitutional as contrary to Article VII, Section 4(c) of the Florida Constitution.[1] The trial court reasoned that the constitution "clearly states that the assessment of just value `shall only change as provided herein,'" but section 193.155(8)(a) "allows for changes to the assessment for reasons not contained in the [constitution]." The trial court concluded that section 193.155(8)(a), Florida Statutes, is "an unlawful attempt by the legislature to alter and enlarge the restrictions placed on the assessment of homestead property" by the constitution.
The issue on appeal is whether section 193.155(8)(a), Florida Statutes, is facially unconstitutional in light of Article VII, Section 4(c) of the Florida Constitution, which provides:
[Art. VII, § 4, Fla. Const.] Taxation; assessment.By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
.....
(c) All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 [, 1994]. This assessment shall change only as provided herein.
1. Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
(A) three percent (3%) of the assessment for the prior year.
(B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
2. No assessment shall exceed just value.
3. After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein.
4. New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the *137 homestead. That assessment shall only change as provided herein.
5. Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein.
6. In the event of a termination of homestead status, the property shall be assessed as provided by general law.
The purpose of the amendment is to encourage the preservation of homestead property in the face of ever increasing opportunities for real estate development, and rising property values and assessments.[2] The amendment supports the public policy of this state favoring preservation of homesteads. Similar policy considerations are the basis for the constitutional provisions relating to homestead tax exemption (Article VII, Section 6, Florida Constitution), exemption from forced sale (Article X, Section 4(a), Florida Constitution), and the inheritance and alienation of homestead (Article X, Section 4(c), Florida Constitution).
Florida Statutes section 193.155, effective June 3, 1994, is entitled "Homestead Assessments." Subsection (8)(a), at issue here, provides
(8) Erroneous assessments of homestead property assessed under this section may be corrected in the following manner:
(a) If errors are made in arriving at any annual assessment under this section due to material mistake of fact concerning an essential characteristic of the property, the assessment must be recalculated for every such year.
The Florida Constitution, Article VII, Section 4(c), provides that "assessment[s] shall change only as provided herein," thus prohibiting changes to just value that are not expressly stated in the constitution.[3] Art. VII, § 4(c), Fla. Const. The purported exception to the three-percent rule in section 193.155(8)(a), Florida Statutes, is not one provided for in the constitution and is, therefore, facially unconstitutional.
We note that Appellant's argument, that holding section 193.155(8)(a) unconstitutional will result in inequitable taxation, is unavailing because the constitution expressly mandates the special or "inequitable" taxation. The three-percent cap applies only to homestead property. Excluded from the cap is nonhomestead residential property, as well as commercial, agricultural and noncommercial recreational land. These types of property remain subject to ever increasing assessments. Art. VII, § 4(a)-(c), Fla. Const. The constitution also provides that "[n]o assessment shall exceed just value [,]" but does not state that assessments shall not be below just value. Art. VII, § 4(c)2, Fla. Const. The Florida Supreme Court, in Florida League of Cities v. Smith, 607 So.2d 397 (Fla.1992)(upholding the ballot summary for the amendment), recognizes the amendment's effect, in part, as follows: "Thus, at *138 any given moment, some Florida households would be assessed at full value while others would be subject to the cap." Id. at 400 n. 5.
In Osterndorf v. Turner, 426 So.2d 539, 544 (Fla.1982), the Florida Supreme Court quoted the well-settled maxim: "Express or implied provisions of the Constitution cannot be altered, contracted or enlarged by legislative enactments." The statute in question violates that rule and would defeat the purpose of the amendment by allowing constant reassessments of homesteads based on "new information." In Fuchs v. Wilkinson, 630 So.2d 1044, 1046 (Fla.1994)(another case involving the amendment), the Florida Supreme Court ruled, "This Court simply has no authority to circumvent the constitutionally mandated ... plain language of the amendment."[4]
We conclude that the trial court correctly granted summary judgment; accordingly, that judgment is hereby AFFIRMED.
JOANOS, J., concurs.
VAN NORTWICK, J., dissents with opinion.
VAN NORTWICK, Judge, dissenting.
I respectfully dissent. As I read section 193.155(8)(a), Florida Statutes (1995), under consideration here, this statute cannot be facially unconstitutional because it does not authorize an increase in the just value assessment of a homestead. Subsection (8)(a) of the statute simply provides that a correction in the amount of the assessed value can be made to achieve "just value," if the prior assessment was erroneous as a result of a "material mistake of fact concerning an essential characteristic of the property."
Article VII, section 4(c) of the Florida Constitution mandates that homesteads be "assessed at just value as of January 1" and that this just value assessment "shall change only as provided here." In arriving at the just valuation assessment mandated by the constitution, property appraisers are required to take into consideration numerous factors, as a result of which the appraiser must obtain various facts relating to the subject property. § 193.011, Fla. Stat. (1995); see, e.g., Florida East Coast Ry. Co. v. Department of Revenue, 620 So.2d 1051 (Fla. 1st DCA), rev. denied, 629 So.2d 132 (Fla. 1993). In the event homestead property is erroneously assessed because of a material mistake of fact concerning the statutory assessment factors, then the erroneous assessment could not have reflected the property's true "just value." Thus, if a material mistake of fact has resulted in an assessment at other than just value, section 193.155(8)(a) does not authorize a change in the just value assessment, but a corrected assessment of the property to just value. Further, the correction cannot be the result of the application of additional or new factors not considered in making the erroneous assessment, but only to rectify a material mistake of fact which resulted in the erroneous assessment. § 193.155(8)(a), Fla. Stat. (1995). Rather than violating a constitutional mandate, by section 193.155(8)(a) the legislature is attempting to ensure that all Florida homesteads will be assessed at just value as required by the constitution. On the other hand, the majority's interpretation of Article VII, section 4(c), creates a constitutional windfall for a property owner who, due to a material mistake of fact by the appraiser, receives an assessment in an amount lower than just value.
I would reverse the summary judgment of the trial court and remand for further proceedings to determine whether the alleged erroneous assessment was due to "material mistake of fact concerning an essential characteristic of the property." § 193.155(8)(a), Fla. Stat. (1995).
NOTES
[1] Section (4)(c) is a recent "citizen initiative" amendment to the Florida Constitution passed by the electorate in the 1992 general election. With respect to the purpose of the amendment, the ballot summary provided:

HOMESTEAD VALUATION LIMITATION
Providing for limiting increases in homestead property valuations for ad valorem tax purposes to a maximum of 3% annually and also providing for reassessment of market values upon changes of ownership.
In re Advisory Opinion to the Attorney General Homestead Valuation Limitation, 581 So.2d 586, 588 (Fla.1991).
[2] See Constitutional Amendments on the Florida Ballot, Understanding Florida's Issues, (Fla. Inst. of Gov., Univ. of Fla., Gainesville, Fla.), Oct. 1992, at 9. The "primary advantage" of the amendment, therefore, is the "stabilizing [of] annual increases in property taxes, [and] providing protection to the elderly and poor against losing their property due to high taxes...." Id.
[3] Careful review of the operative words confirms that the constitutional provisions are exclusive:

"Shall" is a "word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation. The word in ordinary usage means `must' and is inconsistent with a concept of discretion. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of the meaning...." Black's Law Dictionary 1375 (6th ed. 1990) (citation omitted).
"Only" means "[s]olely; ... for no other purpose;... without anything more; exclusive; nothing else or more." Id. at 1089.
"Provided" is a "word used in introducing a proviso[;] ... according to the context, it may import a covenant, or a limitation or qualification, or a restraint, modification exception to something which precedes." Id. at 1224.
"Proviso" is "used to limit, modify or explain the main part of [a statutory] section ... to which it is appended.... A clause engrafted on a preceding enactment for the purpose of restraining or modifying the enacting clause or of excepting something from its operation which would otherwise have been within it." Id. at 1225.
[4] Fuchs, supra, determined the effective date of Amendment 10, Article VII, Section 4(c).