The Honorable V. Frank Desguin Charlotte County Property Appraiser 18500 Murdock Circle Port Charlotte, Florida 33948-1076
Dear Mr. Desguin:
You ask substantially the following question:
If the sole owner of property receiving a homestead exemption changes the ownership of the property to add another individual as co-owner in a manner that does not meet the criteria enumerated in section 193.155(3)(a), (b), (c) or (d), Florida Statutes, should the property's assessed value be returned to just value in its entirety on the following January 1, or should fifty percent of the property's assessed value remain subject to the limitations in section 193.155(1) and (2), Florida Statutes, since the original owner remains an owner and still qualifies for the homestead exemption?
In sum:
If the sole owner of property receiving a homestead exemption changes the ownership of the property to add another individual as co-owner in a manner that does not meet the criteria enumerated in section 193.155(3)(a), (b), (c) or (d), Florida Statutes, the property's assessed value should be returned to just value in its entirety on the following January 1.
In 1992, Florida citizens amended the Florida Constitution by adopting a provision that limited ad valorem taxation on homesteads. The amendment, which became effective January 5, 1993, levied a base year "just value" assessment for each homestead as of January 1, 1994 (the year following the effective date of the amendment), and restricted subsequent increases in assessments to the lower of either (a) three percent of the prior year's assessment, or (b) a percent change in the Consumer Price Index.[1] The purpose of the amendment was to encourage the preservation of homestead property in the face of ever-increasing opportunities for real estate development, and rising property values and assessments.[2]
Subsection 4(c)3. of Article VII, Florida Constitution, however, provides:
"After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein." (e.s.)
In 1994, the Legislature enacted legislation implementing the homestead amendment that had been approved by the electorate.[3]
This legislation is codified in section 193.155, Florida Statutes. Subsection (3) of the statute provides:
"(3) Except as provided in this subsection, property assessedunder this section shall be assessed at just value as of January 1of the year following a change of ownership. Thereafter, the annual changes in the assessed value of the property are subject to the limitations in subsections (1) and (2). For the purpose ofthis section, a change in ownership means any sale, foreclosure, or transfer of legal title or beneficial title in equity to anyperson, except as provided in this subsection. There is no change of ownership if:
(a) Subsequent to the change or transfer, the same person is entitled to the homestead exemption as was previously entitledand:
1. The transfer of title is to correct an error; or
2. The transfer is between legal and equitable title;
(b) The transfer is between husband and wife, including a transfer to a surviving spouse or a transfer due to a dissolution of marriage;
(c) The transfer occurs by operation of law under s. 732.4015; or
(d) Upon the death of the owner, the transfer is between the owner and another who is a permanent resident and is legally or naturally dependent upon the owner." (e.s.)
Section 193.155(3), Florida Statutes, thus reflects the intent of Article VII, section 4(c), Florida Constitution, that a change in ownership requires that the property be reassessed at just value as of January 1 of the year following the change in owner-ship.[4]
While the statute recognizes certain exceptions, your inquiry concerns a change in ownership that does not fall within such exceptions.
Neither section 4(c), Article VII, Florida Constitution, nor section 193.155(3), Florida Statutes, provides for a partial reassessment of the property at just value.[5] Rather, both the constitution and the statute refer to a change in ownership as requiring the assessment of the property at just value as of January 1 of the year following the change. The change in ownership constitutes a triggering event for which the property, not that portion of the property affected by the change in ownership, is to be reassessed at just value.
When the controlling law directs how a thing is to be done, that is, in effect, a prohibition against its being done in any other way.[6]
Accordingly, I am of the opinion that if the sole owner of property receiving a homestead exemption changes the ownership of the property to add another individual as co-owner in a manner that does not meet the criteria enumerated in section193.155(3)(a), (b), (c) or (d), Florida Statutes, the property's assessed value should be returned to just value in its entirety on the following January 1.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. VII, s. 4(c), Fla. Const., which provides in part:
"All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein.
1. Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
(A) three percent (3%) of the assessment for the prior year.
(B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
2. No assessment shall exceed just value.
3. After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein.
4. New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead. That assessment shall only change as provided herein.
5. Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein.
6. In the event of a termination of homestead status, the property shall be assessed as provided by general law. . . ."
[2] See, Smith v. Welton, 710 So.2d 135 (Fla. 1st DCA 1998),affirmed on other grounds, 729 So.2d 371 (Fla. 1999). And see,Constitutional Amendments on the Florida Ballot, UnderstandingFlorida's Issues, (Fla. Inst. of Gov., Univ. of Fla., Gainesville, Fla.), Oct. 1992, at 9. The "primary advantage" of the amendment, therefore, is the "stabilizing [of] annual increases in property taxes, [and] providing protection to the elderly and poor against losing their property due to high taxes. . . ." Id.
[3] See, s. 62, Ch. 94-353, Laws of Florida.
[4] And see, Rule 12D-8.0061(2), F.A.C., providing in part:
Real property shall be assessed at just value as of January 1 of the year following any change of ownership. . . . For purposes of this section, a change of ownership includes any transfer of homestead property receiving the exemption. . . .
[5] Compare, s. 193.155(7), Fla. Stat., stating that if a person's homestead exemption is limited to that person's proportionate interest in real property, the provisions of the statute apply only to that interest.
[6] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be observed); Thayer v. State, 335 So.2d 815 (Fla. 1976).