The Honorable V. Frank Desguin Charlotte County Property Appraiser 18500 Murdock Circle Port Charlotte, Florida 33948-1076
Dear Mr. Desguin:
You ask substantially the following question:
Does the removal of one of the joint owners from the ownership of property receiving a homestead exemption constitute a change in ownership so as to require the property to be reassessed at just value as of January 1 of the following year?
In sum:
The removal of one of the joint owners from the ownership of property receiving a homestead exemption constitutes a change in ownership so as to require the property in its entirety to be reassessed at just value as of January 1 of the following year unless such a change falls within one of the exceptions prescribed by statute. Such exceptions include, among others, transfers between a husband and wife and transfers upon the death of an owner between the owner and one who is a permanent resident on the property and is legally or naturally dependent on the owner.
In 1992, Florida citizens amended the Florida Constitution by adopting a provision that limited ad valorem taxation on homesteads. The amendment levied a base year "just value" assessment for each homestead as of January 1, 1994, and restricted subsequent increases in assessments to the lower of either (a) three percent of the prior year's assessment or (b) a percent change in the Consumer Price Index.[1] The purpose of the amendment was to encourage the preservation of homestead property in the face of ever-increasing opportunities for real estate development, and rising property values and assessments.[2]
Subsection 4(c)3. of Article VII, Florida Constitution, however, provides:
"After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein." (e.s.)
The Legislature subsequently adopted section 193.155, Florida Statutes, to implement the homestead amendment. Subsection (3) of the statute provides:
"(3) Except as provided in this subsection, property assessed under thissection shall be assessed at just value as of January 1 of the yearfollowing a change of ownership. Thereafter, the annual changes in the assessed value of the property are subject to the limitations in subsections (1) and (2). For the purpose of this section, a change inownership means any sale, foreclosure, or transfer of legal title orbeneficial title in equity to any person, except as provided in thissubsection. There is no change of ownership if: (a) Subsequent to the change or transfer, the same person is entitled to the homestead exemption as was previously entitled and: 1. The transfer of title is to correct an error; or 2. The transfer is between legal and equitable title; (b) The transfer is between husband and wife, including a transfer to a surviving spouse or a transfer due to a dissolution of marriage; (c) The transfer occurs by operation of law under s. 732.4015; or (d) Upon the death of the owner, the transfer is between the owner and another who is a permanent resident and is legally or naturally dependent upon the owner." (e.s.)
Section 193.155(3), Florida Statutes, thus reflects the intent of ArticleVII, section 4(c), Florida Constitution, that a change in ownership requires that the property be reassessed at just value as of January 1 of the year following the change in ownership.[3] Certain exceptions exist including exceptions for transfers between a husband and wife and for transfers upon the death of an owner between the owner and one who is a permanent resident on the property and is legally or naturally dependent on the owner. While section 193.155(3) contains certain exceptions, you have not advised this office whether any of the exceptions set forth in section 193.155(3)(a)-(d) are applicable. Such a determination involves questions of fact and mixed questions of law and fact that this office cannot resolve. For example, this office has no information as to whether the transfer is between a husband and wife or as a result of a dissolution of marriage. It is, however, a general principle of statutory construction that where a statute sets forth exceptions, no others may be inferred.[4]
In Attorney General Opinion 01-31, this office considered whether the addition of another owner as co-owner of property constituted a "change in ownership" within the meaning of above constitutional and statutory provisions. This office recognized that neither section 4(c), Article VII, Florida Constitution, nor section 193.155(3), Florida Statutes, provides for a partial reassessment of the property at just value.[5] Rather, both the Constitution and the statute refer to a change in ownership as requiring the assessment of the property at just value as of January 1 of the year following the change. It is this change in ownership that constitutes a triggering event for which the property, not just that portion of the property affected by the change in ownership, is to be reassessed at just value. This office therefore concluded that if the sole owner of property receiving a homestead exemption changes the ownership of the property by adding another individual as co-owner in a manner that does not meet the criteria specified in section 193.155(3)(a), (b), (c) or (d), Florida Statutes, the property's assessed value should be returned to just value on the following January 1.
In the instant inquiry, rather than adding an owner to the property, an owner is being removed. The triggering event, however, is the same — the change of ownership of the property.
Accordingly, I am of the opinion that provided such change does not meet the criteria enumerated in section 193.155(3)(a), (b), (c) or (d), Florida Statutes, the removal of one of the joint owners from the ownership of property receiving a homestead exemption constitutes a change in ownership so as to require the property in its entirety to be reassessed at just value as of January 1 of the following year.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Art. VII, s. 4(c), Fla. Const., which provides in part:
"All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein. 1. Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following: (A) three percent (3%) of the assessment for the prior year. (B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics. 2. No assessment shall exceed just value. 3. After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein. 4. New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead. That assessment shall only change as provided herein. 5. Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein. 6. In the event of a termination of homestead status, the property shall be assessed as provided by general law. . . ."
[2] See, Smith v. Welton, 710 So.2d 135 (Fla. 1st DCA 1998), affirmedon other grounds, 729 So.2d 371 (Fla. 1999). And see, ConstitutionalAmendments on the Florida Ballot, Understanding Florida's Issues, (Fla. Inst. of Gov., Univ. of Fla., Gainesville, Fla.), Oct. 1992, at 9. The "primary advantage" of the amendment, therefore, is the "stabilizing [of] annual increases in property taxes, [and] providing protection to the elderly and poor against losing their property due to high taxes . . . ."Id.
[3] And see, Rule 12D-8.0061(2), F.A.C., providing in part:
"Real property shall be assessed at just value as of January 1 of the year following any change of ownership. . . . For purposes of this section, a change of ownership includes any transfer of homestead property receiving the exemption . . . ."
[4] See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
[5] Compare, s. 193.155(7), Fla. Stat., stating that if a person's homestead exemption is limited to that person's proportionate interest in real property, the provisions of the statute apply only to that interest.