Dear Mr. Higgs:
As the Monroe County Property Appraiser, you ask substantially the following question:
Does section 193.155(3), Florida Statutes, as amended in 2006, which provides that there is no change in ownership if the owner conveys the homestead to himself or herself and one or more individuals, apply only to the provisions of 193.155(3), implementing the Save Our Homes Amendment regarding the reassessment of homestead property or does it also amend section 196.031, Florida Statutes, which provides that except for estates by the entirety or joint tenancies with the right of survivorship, a homestead exemption is applied only to the proportionate share of the owners who reside thereon?
In 1992, Florida citizens amended the Florida Constitution by adopting a provision that limited ad valorem taxation on homesteads. The amendment, which became effective January 5, 1993, levied a base year "just value" assessment for each homestead and restricted subsequent increases in assessments to the lower of either (a) three percent of the prior year's assessment, or (b) a percent change in the Consumer Price Index.[1] As you note, the Florida Supreme Court in Zingale v.Powell,[2] stated that Article VII, section 4(c) (Save Our Homes Amendment) and section 6 (Homestead Exemption), Florida Constitution, should be read in pari materia so that only those homeowners who have applied for and received the homestead exemption are entitled to the benefits of either constitutional provision. The purpose of the amendment was to encourage the preservation of homestead property in the face of ever-increasing opportunities for real estate development and rising property values and assessments.[3]
Subsection 4(c)3. of Article VII, Florida Constitution, however, provides:
"After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein." (e.s.)
In 1994, the Legislature adopted legislation implementing the homestead constitutional amendment that had been approved by the electorate.[4] This legislation is codified in section 193.155, Florida Statutes. In Attorney General Opinion 01-31, this office considered whether the addition of another owner as co-owner of property constituted a "change in ownership" within the meaning of the above constitutional and statutory provisions. Recognizing that neither section 4(c), Article VII, Florida Constitution, nor section 193.155(3), Florida Statutes, provides for a partial reassessment of the property at just value, this office concluded that if the sole owner of property receiving a homestead exemption changes the ownership of the property by adding another individual as co-owner in a manner that does not meet the criteria specified in section 193.155(3)(a), (b), (c) or (d), Florida Statutes, the property's assessed value should be returned to just value on the following January 1.
In 2006, the Legislature amended subsection (3) of the statute to provide:
"Except as provided in this subsection, property assessed under this section shall be assessed at just value as of January 1 of the year following a change of ownership. Thereafter, the annual changes in the assessed value of the property are subject to the limitations in subsections (1) and (2). For the purpose of this section, a change in ownership means any sale, foreclosure, or transfer of legal title or beneficial title in equity to any person, except as provided in this subsection. There is no change of ownership if:
(a) Subsequent to the change or transfer, the same person is entitled to the homestead exemption as was previously entitled and:
1. The transfer of title is to correct an error;
2. The transfer is between legal and equitable title; or
 3. The change or transfer is by means of an instrument in which theowner is listed as both grantor and grantee of the real property and oneor more other individuals are additionally named as grantee. However, ifany individual who is additionally named as a grantee applies for ahomestead exemption on the property, the application shall be considereda change of ownership. . . ."[5] (e.s.)
The language emphasized above constitutes the change made by the 2006 Legislature.
You ask whether the above amendment is in conflict with section196.031(1), Florida Statutes, which provides in pertinent part that "[e]xcept for owners of an estate held by the entireties or held jointly with the right of survivorship, the amount of the exemption may not exceed the proportionate assessed valuation of all owners who reside on the property."
You note that in the case of estates by the entirety, each person of the married couple owns the whole under Florida Law. Section 196.031(1), Florida Statutes, acknowledges this and applies the exemption up to the full amount of the assessed value. Similarly, joint tenants with a right of survivorship is applied up to the full value and not just the proportionate share value. However, with other forms of ownership such as tenants in common, you state that the exemption for the proportionate share of each is allowed on and for the respective proportionate share of those residing on the property.[6]
A review of the legislative history indicates that the purpose of the 2006 amendment to section 193.155(3)(a), Florida Statutes, was to prevent the reassessment of property to just value by the act of adding an additional co-owner to the homestead property.[7] I have found nothing in the legislative history surrounding the enactment of the amendment indicating that the Legislature sought to amend section196.031, Florida Statutes. Moreover, the general rule is that amendment by implication is not favored and will not be upheld in doubtful cases.[8]
In the absence of a clear expression of legislative intent, I cannot conclude that the provisions of section 196.031(1), Florida Statutes, have been amended by the change to section 193.155(3)(a), Florida Statutes. The 2006 amendment to section 193.155(3)(a) appears to be directed to determining when a change in ownership occurs for purposes of reassessing the homestead property at just value, not to determining homestead. I note, for example, that section 193.155(7), Florida Statutes, specifically states that if a person's homestead exemption is limited to that person's proportionate interest in real property, the provisions of the statute apply only to that interest.[9]
As you note, if the interest granted by the owner in adding a co-owner(s) is an estate by the entirety or joint tenancy with a right of survivorship, there would not appear to be a change in the homestead status. For other forms of ownership such as tenants in common, the provisions of section 196.031, Florida Statutes, would appear to still govern the determination of the proportionate share of the owners. From my review of the legislative history, it is not readily apparent whether the Legislature considered this issue. The Legislature, therefore, may wish to clarify its intent on this matter.
Sincerely,
Bill McCollum Attorney General
BC/tjw
[1] See, Art. VII, s. 4(c), Fla. Const., which provides in part:
"All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein. (1) Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
a. Three percent (3%) of the assessment for the prior year.
b. The percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
(2) No assessment shall exceed just value.
(3) After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided herein.
(4) New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead. That assessment shall only change as provided herein.
(5) Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein. (6) In the event of a termination of homestead status, the property shall be assessed as provided by general law. . . ."
[2] 885 So. 2d 277 (Fla. 2004).
[3] See, Smith v. Welton, 710 So. 2d 135 (Fla. 1st DCA 1998),affirmed on other grounds, 729 So. 2d 371 (Fla. 1999).
[4] See s. 62, Ch. 94-353, Laws of Florida.
[5] See s. 1, Ch. 06-38, Laws of Florida. And see s. 193.155(3)(b), (c) and (d), Fla. Stat., respectively providing:
"(b) The transfer is between husband and wife, including a transfer to a surviving spouse or a transfer due to a dissolution of marriage;
(c) The transfer occurs by operation of law under s. 732.4015; or
(d) Upon the death of the owner, the transfer is between the owner and another who is a permanent resident and is legally or naturally dependent upon the owner."
[6] You give the following example: A conveyance from the grantor to the grantor as a grantee for 20% of the ownership and two other non-resident grantees (each 40% owners) of a homestead would allow only the homestead exemption to apply to his 20% up to $25,000.00 for his proportionate share (if his 20% is valued less than $25,000.00 the exemption would be limited to that value).
[7] See Senate Staff Analysis and Economic Impact Statement on CS/SB 264 (codified as Ch. 06-38, Laws of Florida), dated January 26, 2006, stating that the "[b]ill amends s. 193.155, Fla. Stat., to provide that the act of adding an additional co-owner is not a change in ownership requiring a reassessment of the homestead property." In describing the current situation (prior to the statute's amendment), the analysis states:
"It is not unusual for a homeowner to add an additional co-owner to their property. One common reason for this type of transaction is that an elderly person wishes to add adult children as co-owners of homestead property in an attempt to avoid probate. This type of transaction, however, may be deemed a change in ownership that will result in an increase in the assessed value of the property (that is, a loss of the Save Our Homes benefit) in the year following the transaction."
In discussing the effect of the proposed change, the staff analysis provides that the "effect of the bill is that an individual may add one or more co-owners to the deed for homestead property without losing the Save Our Homes benefit, assuming the individual continues to qualify for the homestead exemption on the property." See generally State, Dept. ofEnvironmental Regulation v. SCM Glidco Organics Corp., 606 So. 2d 722
(Fla. 1st DCA 1992); Asphalt Pavers, Inc. v. Department of Revenue,584 So. 2d 55 (Fla. 1st DCA 1991) (legislative staff analyses are admissible as aid in ascertaining legislative intent).
[8] See State ex rel. Quigley v. Quigley, 463 So.2d 224 (Fla. 1985);State v. J.R.M., 388 So. 2d 1227 (Fla. 1980). Cf. Kligfeld v. Office ofFinancial Regulation, 876 So. 2d 36, 38 (Fla. 4th DCA 2004);Flo-Sun, Inc. v. Kirk, 783 So. 2d 1029 (Fla. 2001); State v.Digman, 294 So. 2d 325 (Fla. 1974), providing that implied repeals are disfavored and will not be upheld in cases of doubt.
[9] Cf. Op. Att'y Gen. Fla. 03-11 (2003) (limitation on assessment in s. 193.155, Fla. Stat., applies to one-half interest of property for which homestead exemption was received and not to other half interest for which no homestead was granted).