183 So.2d 567 (1966)
OKEELANTA SUGAR REFINERY, INC., a Florida Corporation, Appellant,
v.
Edgar W. MAXWELL As Assessor of Taxes of Palm Beach County, Florida, et al., Appellees.
No. 396.
District Court of Appeal of Florida. Fourth District.
March 2, 1966.
*568 Paul D. Barns, Jr., of law office of George H. Salley, Miami, for appellant.
Ronald Sales, of Sales & Houston, West Palm Beach, for appellee-Maxwell.
ANDREWS, Judge.
The plaintiff, Okeelanta Sugar Refinery, Inc., appeals an interlocutory order dismissing its complaint for injunction against Edgar W. Maxwell, as Tax Assessor of Palm Beach County, Stetson O. Sproul, as Tax Collector of Palm Beach County, and Ray E. Green, as Comptroller of the State of Florida.
The amended complaint alleges that the plaintiff paid its real estate and tangible personal property taxes in Palm Beach County for 1961, 1962, 1963 and 1964 as assessed by the Tax Assessor. No return was filed as required by F.S.A. Section 193.12, or tangible personal property return as required by F.S.A. Section 200.08.
The Tax Assessor is required by F.S.A. Section 193.021 to assess all real property in the county even though no return is filed The same procedure is provided for obtaining the just value on tangible personal property except the Tax Assessor, after fixing the just value of such property, may assess as a penalty an increase in the valuation by 10% thereof.
From the record we find that certain real property of the plaintiff was assessed for the years 1961 through 1964, inclusive, and the tax thereon duly paid. The assessed value of said land for 1961 was $200,800; for 1962 $200,800; 1963 $244,400; and 1964 $948,400. After the payment of the 1964 tax on the basis of the substantially increased valuation without protest, the Tax Assessor attempted to backtax the same land by the use of procedures set forth in F.S.A. Section 193.23, using as a basis for the additional assessment the valuation used for 1964.
The levy of additional tax on the real property for 1961, 1962 and 1963 is void.
Only property which has "escaped taxation" may be back-taxed under F.S.A. Section 193.23.
To "escape taxation" means to get free of tax, to avoid taxation, to be missed from being taxed, or to be forgotten for tax purposes. Once the Tax Assessor has certified the tax roll and the tax levied thereon paid on particular described property, said property cannot again be taxed for that particular year.
This principle was clearly stated in the case of State ex rel. Gillespie v. Thursby, 1932, 104 Fla. 103, 139 So. 372, at page 376, as follows:
"* * * There must be a time for the cessation of the relation of the levying and assessing officers to the tax of each year, and there can be no better time than when the possession of the tax rolls pass to other parties. With the levy made, assessments completed, certificate of the board of county commissioners affixed to the tax rolls, the warrant to the tax collector issued, and the tax rolls delivered to the proper officials under the law, who are without authority to surrender them, it would not be possible for the assessment of the lands * * * to be changed * * *."
The case from which the quotation is taken involves mandamus proceedings, but the principles therein stated are equally applicable to the situation before the court in this matter.
The backtaxing of tangible personal property presents a somewhat different problem in that the tax roll does not usually contain a detailed list of the subject property. Nevertheless, in the absence of a showing that a particular taxable property has "escaped taxation," the same property cannot be taxed again under F.S.A. Section 200.16, and any such attempt to backtax *569 such property is void. Such was the holding in Florida Nat. Bank of Jacksonville v. Simpson, Fla. 1952, 59 So.2d 751, 33 A.L.R.2d 581, in a case involving the backtaxing of intangible property.
The Tax Assessor has ample tools at his command to assure that all property is returned for taxation. He or his deputy is required to visit each precinct to ascertain by diligent inquiry the name of all taxable persons and property for each year. He may require the production of books and records under the provisions of F.S.A. Section 200.11. He may also serve notice of increased valuation as provided in F.S.A. Section 200.10 and thereby place the burden on the taxpayer to produce the books and records showing the full cash value thereof.
The Tax Assessor also takes the position that the taxpayer is barred from bringing this suit in that he has not exhausted his administrative remedies. The exhaustion of administrative remedies is not a prerequisite to the maintenance of a suit in equity on the ground that the property attempted to be taxed was not subject to taxation. Hackney v. McKenney, 1933, 113 Fla. 176, 151 So. 524; Overstreet v. Frederick B. Cooper Co., Fla.App. 1959, 114 So.2d 333; Hansen v. Port Everglades Steel Corporation, Fla.App. 1963, 155 So.2d 387.
The constitutionality of F.S.A. Section 193.021(7) was upheld by the trial court. Such issue was neither assigned as error nor argued by brief or orally. Such action constitutes waiver of any right to appeal this portion of the order. This circumstance vests jurisdiction in this court. Roberts v. State, Fla. 1966, 181 So.2d 646.
Even though the complaint contains extensive surplusage and extraneous allegations, it does state a cause of action. Accordingly, the order is reversed and the cause is remanded for further proceedings consistent with this opinion.
SMITH, C.J., and WALDEN, J., concur.