LEHAN, Judge.
An owner of an apartment complex appeals from a summary judgment in favor of the Hillsborough County Tax Appraiser *629 finding that the property owner owed increased taxes based upon a corrected assessment. The correction was to remedy a mistake in the tax appraiser’s office which had involved the multiplication of the square footage of the apartment buildings by a certain factor. The factor which had been erroneously used was 4.5. That factor had been changed for the year in question to 6.0, which was the factor used for all other such property for that year. This was a ministerial or administrative type of correction not involving a matter of judgment and was authorized by section 197.0151(1), Florida Statutes (1983). See Allen v. Dickinson, 223 So.2d 310 (Fla.1969) (corrections to a tax roll which are ministerial or administrative are valid under section 192.21, Florida Statutes (1967), the predecessor to section 197.0151(1)). Allen found that the corrections involved in that case were invalid, however those corrections, in contrast to the corrections in the case at hand, were not ministerial or administrative and appeared to be judgmental. The corrected assessment in Allen was to reflect valuations of certain improvements, including fireplace, part of a heater and air conditioner, and part of plumbing and tile, which had not been included in the prior assessment of real property.
It appears that the property appraiser did not comply with rule 12D-12.42, Florida Administrative Code, by notifying the property owner of the increase in the assessed valuation. However, under the circumstances of this case we do not conclude that such failure invalidated the increase or that the taxpayer was significantly prejudiced. The property owner did receive notification of the increase albeit from the tax collector twelve days after a certificate of correction was issued by the property appraiser to the tax collector. There is no question that the taxpayer owed at least the amount which was paid. Nor do we conclude under the circumstances of this case that the mere fact that the property owner had paid the amount erroneously billed before receiving such notification rendered invalid the increase which was authorized by section 197.0151(1). In that section the legislature provided that such a correction could be made “at any time ... and when so corrected ... shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any tax.” That the legislature did not intend to except from that provision a situation where taxes had been paid before the property owner received notification of the correction is manifested by the legislature’s reference in subsection (b) of that section which provides only one instance when payment of the taxes shall have some effect, to wit, to avoid any invalidation of a conveyance of the property by reason of nonpayment of taxes.
Affirmed.
DANAHY, A.C.J., and SCHOONOVER, J., concur.