651 So.2d 184 (1995)
Joel W. ROBBINS, as Property Appraiser of Dade County, Florida, Appellant,
v.
FIRST NATIONAL BANK OF SOUTH MIAMI, T.R., et al., Appellees.
No. 94-1349.
District Court of Appeal of Florida, Third District.
February 22, 1995.
Rehearing Denied March 29, 1995.
Robert A. Ginsburg, County Atty., and Melinda S. Thornton, Asst. County Atty., for appellant.
Buchbinder & Elegant and Ira M. Elegant, Miami, for appellees.
Before HUBBART, BASKIN and LEVY, JJ.
PER CURIAM.
This is an appeal by Joel Robbins, the Property Appraiser of Dade County, from an adverse final summary judgment entered in an action filed by Robbins in the trial court to restore a back-ad valorem tax assessment to certain real property for the year 1989, after the Property Appraisal Adjustment Board disallowed the back assessment. It is undisputed that the basis for the back-ad valorem tax assessment was that after the subject property was assessed at $775,000 for 1989 by the property appraiser, a key punch operator in the property appraiser's office *185 mistakenly entered in the office's computer $260,000, instead of $775,000, as the assessed value of said property for 1989, which office computer generated the property owner's mistaken tax bill.
Contrary to the conclusion reached by the trial court and the Property Appraisal Adjustment Board, we hold (1) that under Sections 197.122(1), 193.092(1), Florida Statutes (1989) and Rule 12D-12.042 of the Florida Administrative Code, a clerical error of this nature was correctable by the back-ad valorem tax assessment accomplished in this case, see McNeil Barcelona Assocs. v. Daniel, 486 So.2d 628 (Fla. 2d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986); Straughn v. Thompson, 354 So.2d 948 (Fla. 1st DCA 1978); Mills v. Korash, 249 So.2d 765 (Fla. 1st DCA 1971), cert. discharged, 263 So.2d 579 (Fla. 1972), and (2) that the failure of the property appraiser to obtain prior approval of the Property Appraisal Adjustment Board for such back-assessment, as otherwise required by Rule 12D-12.042 of the Florida Administrative Code, although preferred procedure, is not fatal to this back-assessment, given the fact that the taxpayer was, in any event, afforded a proper due process hearing before the Property Appraisal Adjustment Board after the back-assessment was made. See Wilson v. School Bd. of Marion County, 424 So.2d 16 (Fla. 5th DCA 1982); cf. Randall v. Wilkinson, 563 So.2d 771 (Fla. 2d DCA 1990).
The final summary judgment under review is reversed, and the cause is remanded to the trial court with directions to enter summary judgment for the property appraiser in the action below.
Reversed and remanded.