729 So.2d 371 (1999)
Timothy "Pete" SMITH, etc., et al., Appellants,
v.
Donald D. WELTON, et ux., Appellees.
Ernie Mastroianni, etc., et al., Appellants,
v.
Doris L. Boone, Appellee.
Nos. 92,930, 92,973.
Supreme Court of Florida.
January 14, 1999.
Rehearing Denied March 22, 1999.
Robert A. Butterworth, Attorney General and Joseph C. Mellichamp, III, Senior Assistant Attorney General, Tallahassee; and John C. Dent, Jr. and Sherri L. Johnson of Dent & Cook, Sarasota, Florida, on behalf of Timothy "Pete" Smith and Department of Revenue; and Richard A. Mullaney, General Counsel and Lee S. Carlin, Assistant General Counsel, City of Jacksonville, Jacksonville, on behalf of Ernie Mastroianni, Lynwood Roberts and L.H. Fuchs, for Appellants.
Mark Welton of Welton & Williamson, P.A., Crestview, on behalf of Donald D. Welton; and Brent M. Turbow, of Law Offices of Brent M. Turbow, Jacksonville; and Joseph A. Franco, Jr., of Farah, Farah & Gazaleh, P.A., Jacksonville, on behalf of Doris L. Boone, for Appellees.
PER CURIAM.
We have on appeal Smith v. Welton, 710 So.2d 135 (Fla. 1st DCA 1998) (declaring invalid section 193.155(8)(a), Florida Statutes (1995)), and Boone v. Mastroianni, 709 So.2d 192 (Fla. 1st DCA 1998) (citing Smith as controlling authority). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In Smith, the property appraiser in Okaloosa County, "Pete" Smith, determined that he had mistakenly under-assessed for tax *372 purposes 15,000 square feet of improvements to a 19,000 square-foot former school building that served as the homestead for Donald Welton. Smith increased the assessed value of the Welton property from $58,488 in 1994 to $130,645 in 1995. Welton filed a complaint in circuit court protesting the increase, and the court determined that the statute on which the property appraiser relied, i.e. section 193.155(8)(a), Florida Statutes (1995), was unconstitutional. On appeal, the district court affirmed, holding that section 193.155(8)(a) violates article VII, section 4, Florida Constitution, which sets forth guidelines for the taxing of homesteads. See Smith v. Welton, 710 So.2d 135 (Fla.App. 1998). Smith appealed to this Court.
In Mastroianni, the property appraiser in Duval County, Ernie Mastroianni, determined that he had mistakenly undervalued 1034 square feet of improvements to the homestead of a taxpayer, Doris Boone. Mastroianni increased the value of the Boone property from a just value of $62,000 in 1994 to an assessed value of $91,518 in 1995. Boone protested, and the circuit court ruled in favor of Mastroianni, holding that section 193.155(8)(a) is constitutional. Boone appealed, and the district court reversed, citing its Smith decision. See Boone v. Mastroianni, 709 So.2d 192 (Fla. 1st DCA 1998). Mastroianni appealed to this Court, and we consolidated the Smith and Mastroianni cases.
Florida citizens in 1992 amended the Florida Constitution by adopting proposed Amendment 10, which limited ad valorem taxation on homesteads. The amendment, which became effective January 5, 1993, called for the levying of a base year "just value" assessment for each homestead as of January 1, 1994, and the restricting of subsequent increases in assessments to the lower of either (a) three percent of the prior year's assessment, or (b) a percent change in the Consumer Price Index:
SECTION 4. Taxation; assessments. By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
. . . .
(c) All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1[, 1994]. This assessment shall change only as provided herein.

1. Assessments subject to this provision shall be changed annually on January 1st of each year, but those changes in assessments shall not exceed the lower of the following:
(A) three percent (3%) of the assessment for the prior year.

(B) the percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
2. No assessment shall exceed just value.
3. After any change of ownership, as provided by general law, homestead property shall be assessed at just value as of January 1 of the following year. Thereafter, the homestead shall be assessed as provided therein.
4. New homestead property shall be assessed at just value as of January 1st of the year following the establishment of the homestead. That assessment shall only change as provided herein.
5. Changes, additions, reductions or improvements to homestead property shall be assessed as provided for by general law; provided, however, after the adjustment for any change, addition, reduction or improvement, the property shall be assessed as provided herein.
6. In the event of a termination of homestead status, the property shall be assessed as provided by general law.
Art. VII, § 4, Fla. Const. (emphasis added). The purpose of the amendment was explained by the district court below:
The purpose of the amendment is to encourage the preservation of homestead property in the face of ever increasing opportunities for real estate development, and rising property values and assessments. *373 The amendment supports the public policy of this state favoring preservation of homesteads. Similar policy considerations are the basis for the constitutional provisions relating to homestead tax exemption (Article VII, Section 6, Florida Constitution), exemption from forced sale (Article X, Section 4(a), Florida Constitution), and the inheritance and alienation of homestead (Article X, Section 4(c), Florida Constitution).
Smith, 710 So.2d at 137 (footnote omitted). In brief, the amendment was designed to ensure that citizens on fixed incomes will not lose their homes on the tax block due to the rising value of Florida property.
In 1994, the legislature enacted legislation implementing Amendment 10. See Ch. 94-353, § 62, at 2567, Laws of Fla. This legislation, which is codified in section 193.155, Florida Statutes (1995), gives the property appraiser authority to rectify an annual assessment that was based on "a material mistake of fact":
193.155 Homestead assessments. Homestead property shall be assessed at just value as of January 1, 1994. Property receiving the homestead exemption after January 1, 1994, shall be assessed at just value as of January 1 of the year in which the property receives the exemption. Thereafter, determination of the assessed value of the property is subject to the following provisions:
. . . .
(8) Erroneous assessments of homestead property assessed under this section may be corrected in the following manner:
(a) If errors are made in arriving at any annual assessment under this section due to a material mistake of fact concerning an essential characteristic of the property, the assessment must be recalculated for every such year.
§ 193.155, Fla. Stat. (1995). In the present cases, the property appraisers assert that section 193.155(8)(a) bestows upon them the authority to reach back and correct an erroneous calculation of the base year "just value" assessment and then apply that corrected value to subsequent years. We disagree.
Section 193.155(8)(a) on its face is inapplicable to the base year assessment set forth in article VII, section 4, Florida Constitution. The statute by its plain language refers to errors in the "annual assessment" (i.e., the value that is ascribed to a homestead each year after the "just value" has been determined in the base year), not errors in the base year "just value" assessment. Nowhere in section 193.155(8)(a) is the base year "just value" assessment even mentioned. By its plain wording, section 193.155(8)(a) thus bestows no authority on a property appraiser to make a retroactive change in the base year assessment.
Accordingly, we hold that Smith and Mastroianni lack authority under section 193.155(8)(a) to retroactively change the base year "just value" assessment of the Smith and Boone properties. We affirm the results in Smith and Boone, but for the reasons stated herein and not those stated in the district court's opinion in Smith.
It is so ordered.
HARDING, C.J., SHAW, WELLS and PARIENTE, JJ., and OVERTON and KOGAN, Senior Justices, concur.