834 So.2d 955 (2003)
Joel W. ROBBINS, etc., Appellants,
v.
Clifford KORNFIELD, et al., Appellees.
No. 3D02-2118.
District Court of Appeal of Florida, Third District.
January 22, 2003.
*956 Robert A. Ginsburg, County Attorney, and Scott Fabricius, Assistant County Attorney, for appellants.
Kluger, Peretz & Kaplan, and Alan Kluger; and Clifford Kornfield, in proper person.
Before COPE, GERSTEN, and FLETCHER, JJ.
PER CURIAM.
Appellants, Miami-Dade County Property Appraiser Joel W. Robbins and the Florida Department of Revenue (hereafter referred to as "Property Appraiser"), seek reversal of a trial court judgment in favor of appellees Clifford and Wendy Kornfield ("taxpayers").
The taxpayers are the owners of a homestead residence located in Miami-Dade County, Florida. In 1991, the taxpayers built an addition to their 2,306 adjusted square foot homestead residence. This addition increased their home's square footage by 1,610 square feet. However, due to an error on the part of the property appraiser, the addition escaped taxation for almost nine years.
In 1999, the property appraiser determined that the additional square footage was excluded in the calculation of the home's just value. As a result, from 1991 until 2000, the taxpayers only paid taxes on the pre-improvement 2,306 square foot portion of the residence. To correct the error, the property appraiser placed a back assessment on the taxpayers' homestead residence for the tax years 1998-2000.[1]
The taxpayers sued the property appraiser seeking to set aside the back assessment placed on their residence. The trial court granted summary judgment in favor of the taxpayers and held that both the Florida Constitution and the Florida Supreme Court decision in Smith v. Welton, 729 So.2d 371 (Fla.1999), prohibited the property appraiser from reassessing the property's just value. This appeal followed.
Section 193.155, Florida Statutes (2001), permits a property appraiser to correct erroneous assessments of homestead property. However, in Welton, the Florida Supreme Court held that property appraisers lacked authority under Section 193.155(8)(a), Florida Statutes (1995), to retroactively change the base year "just *957 value" assessment of a homestead property. See Smith v. Welton, 729 So.2d at 373.
In response to Welton, the Florida Legislature amended Section 193.155 in 2001. See Ch. 01-137, § 5, at 788, Laws of Fla. (amending § 193.155, Fla. Stat. (2000)). Prior to the amendment, § 193.155(8)(a) read, "(a) If errors are made in arriving at any annual assessment under this section due to a material mistake of fact concerning an essential characteristic of the property, the assessment must be recalculated for every such year." § 193.155(8)(a), Florida Statutes, (2000). The 2001 version of Section 193.155(8)(a) deletes the word, "annual" and adds the words, "just value[2]."
Clearly, the Legislature amended the section to allow for adjustments to be made to correct errors in the calculation of a property's just value. Therefore, Welton is superceded by the 2001 amendment to Section 193.155. See Nicoll v. Baker, 668 So.2d 989 (Fla.1996).
In accordance with the legislative intent, as evinced by the specific amendments made to Section 193.155(8)(a), we hold that the property appraiser has the authority to place a back assessment on the portion of the taxpayers' property which has escaped taxation. See Ch. 01-137, Laws of Fla. This back assessment is limited to three years' arrears, as directed by Section 193.092.
Reversed and remanded for calculation of the back assessment.
NOTES
[1] Although the improvements escaped taxation for nine years, back assessments could only be made for three years, pursuant to Section 193.092, Florida Statutes (2001).
[2] Section 193.155(8)(a) now reads:

(a) If errors are made in arriving at any assessment under this section due to a material mistake of fact concerning an essential characteristic of the property, the just value and assessed value must be recalculated for every such year, including the year in which the mistake occurred.