892 So.2d 1145 (2005)
Jim SMITH, Property Appraiser, Pinellas County, Appellant,
v.
Stephen KROSSCHELL, Appellee.
No. 2D04-514.
District Court of Appeal of Florida, Second District.
January 12, 2005.
Christina LeBlanc, Assistant County Attorney, Clearwater, for Appellant.
Stephen Krosschell, Tarpon Springs, pro se.
WHATLEY, Judge.
Jim Smith, the Pinellas County Property Appraiser (the Property Appraiser), appeals a final order granting summary judgment in favor of a property owner, Stephen Krosschell. The order directed the Property Appraiser to appraise Krosschell's property at $188,700 for the year 2000 and found that this amount established the base year just value assessment *1146 for the property pursuant to the "Save-Our-Homes" cap. Art. VII, § 4(c), Fla. Const.; § 193.155(1)(a)(b), Fla. Stat. (2000). We affirm.
In 2000, Krosschell was granted homestead exemption for the property. On March 23, 2000, a field inspection of the property was conducted to verify the information contained in the Property Appraiser's records. When the Property Appraiser's records were updated, a data entry error occurred which caused the loss of 3746 square feet of base living area. The Property Appraiser contends that this error caused the property to be undervalued by $100,100, at $188,700, rather than the correct value of $288,800. The sole cause of this error is attributable to the Property Appraiser. The lower assessed value was certified on the 2000 tax roll on October 13, 2000.
On November 10, 2000, after the error was discovered, the Property Appraiser issued a certificate of correction of tax roll. However, Krosschell was not given proper notice of this correction or notice of his right to challenge the increased assessed value before the Value Adjustment Board (the VAB) as required by Florida Administrative Code Rule 12D-8.021(10)(b). Because the VAB had met earlier in the year and Krosschell could not challenge the assessment until it met again in 2001, the original assessed value of $188,700 was reinstated for the year 2000.
Thereafter, on August 6, 2001, the Property Appraiser mailed to Krosschell a 2001 notice of proposed property taxes, which included the corrected assessed value of $288,800 for 2000, and an assessed value of $297,400 for 2001. On August 31, 2001, Krosschell appealed to the VAB, challenging the new 2000 and 2001 assessed values. The VAB determined that the Property Appraiser had acted correctly when he corrected the assessed value of the property. Following the VAB's ruling, Krosschell filed a complaint in the circuit court challenging his tax assessment. Krosschell claimed that the fifty-eight percent increase in the year 2001 over the year 2000 assessment was in violation of Article VII, Section 4, of the Florida Constitution.
We conclude that the trial court correctly relied on Smith v. Welton, 729 So.2d 371 (Fla.1999), in finding that the Property Appraiser had no statutory authority to make a retroactive change in the assessment of Krosschell's property. In Smith, 729 So.2d at 373, the court held: "By its plain wording, section 193.155(8)(a) thus bestows no authority on a property appraiser to make a retroactive change in the base year assessment. Accordingly, we hold that [the property appraisers] lack authority under section 193.155(8)(a) to retroactively change the base year `just value' assessment...."
As the Property Appraiser notes, section 193.155, Florida Statutes (2000), was amended[1] effective July 1, 2001, to allow property appraisers to change the base year assessment and thus correct an error like the one which occurred here. Krosschell asserts, and we agree, that this statute is not retroactive. "It is a well-established rule of construction that in the absence of clear legislative intent to the contrary, a law is presumed to act prospectively." State, Dep't of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353, 358 (Fla.1977). See also State ex rel. Riverside Bank v. Green, 101 So.2d 805, 807-08 (Fla.1958). Furthermore, "[t]ax statutes... operate only prospectively unless legislative intent to the contrary clearly appears." Hausman v. VTSI, Inc., 482 So.2d 428, 430 (Fla. 5th DCA 1985). There is no indication of legislative intent, clear or otherwise, that the statute in *1147 question applies retroactively. Therefore, the circuit court correctly determined that the 2000 version of the statute applied here and that the Property Appraiser could not change the original assessed value of $188,700.
Taxation, by necessity, requires finality and certainty. In Maas Brothers, Inc. v. Dickinson, 195 So.2d 193, 198 (Fla.1967), the court held:
It is a fundamental rule of construction that tax laws are to be construed strongly in favor of the taxpayer and against the government, and that all ambiguities or doubts are to be resolved in favor of the taxpayer. This salutary principle is found in the reason that the duty to pay taxes, while necessary to the business of the sovereign, is still a duty of pure statutory creation and taxes may be collected only within the clear definite boundaries recited by statute.
To the extent that our opinion conflicts with Robbins v. Kornfield, 834 So.2d 955 (Fla. 3d DCA 2003), we certify conflict with Robbins.
Affirmed.
CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] Ch. 01-137, § 5 at 788, Laws of Fla.