937 So.2d 658 (2006)
Jim SMITH, etc., et al., Petitioners,
v.
Stephen KROSSCHELL, Respondent.
No. SC05-488.
Supreme Court of Florida.
August 31, 2006.
Charles J. Crist, Jr., Attorney General, Eric J. Taylor, Senior Assistant Attorney General, Mark T. Aliff, Assistant Attorney General, Tallahassee, FL, and Christina M. LeBlanc, Assistant County Attorney, *659 Pinellas County, Clearwater, FL, for Petitioner.
Stephen Krosschell, pro se, Tarpon Springs, FL.
LEWIS, C.J.
We have for review the decision in Smith v. Krosschell, 892 So.2d 1145 (Fla. 2d DCA 2005), in which the Second District Court of Appeal has certified conflict with the decision of the Third District Court of Appeal in Robbins v. Kornfield, 834 So.2d 955 (Fla. 3d DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we quash the decision in Krosschell and remand for further proceedings consistent with this opinion.

FACTS AND PROCEEDINGS BELOW
In 2000, Krosschell received homestead exemption status for the real property which has generated this litigation. During March of that year, a field inspection of the real property was conducted to verify the information in the records of the property appraiser (Smith). The property appraisal records were subsequently updated to reflect the inspection, but at that time a data entry error occurred. Although Krosschell's home on the real property encompassed 3,746 square feet of base living area, when the data was entered to update the records, the square foot base living area of the home was entered as zero (0). In effect, this data entry error effectively deleted Krosschell's entire dwelling from the property records as though the property was raw land without any improvements. Thus, due to this data error, Krosschell's property was undervalued by $100,100, and this valuation produced by the erroneous data was certified on the 2000 tax roll.
After the error was discovered, Smith issued a certificate of correction in an attempt to correct the error, but the statutory time requirements for notice to Krosschell to afford time for a challenge to the assessed value before the Value Adjustment Board (Board) could not be satisfied for the year 2000. The Board had already conducted proceedings for 2000, and Krosschell would have been unable to challenge the correct assessment until the Board convened again in 2001. Therefore, the original assessed value of $188,700 (i.e., the assessed value which did not include Krosschell's house) was reinstated for the year 2000.
In August 2001, Krosschell received a 2001 notice of proposed property taxes based on the correct data, which included the correct assessed value of $288,800 for the year 2000 (i.e., the assessment of Krosschell's property that included the previously eliminated improvement), and an assessed value of $297,400 for 2001. Krosschell appealed these values, but the Board concluded that Smith had acted properly in correcting the data and assessing the value of the property.
Krosschell proceeded to file a complaint in the circuit court. In a motion for summary judgment, he claimed that there had been a fifty-eight percent increase in the 2001 assessment over the 2000 assessment which violated the "Save Our Homes" tax cap in the Florida Constitution, a provision which permits increases of annual assessments of homesteaded property to be no more than three percent of the previous year's assessment. He asserted this position even though the initial 2000 assessment of his property was based on an error which excluded the existing structure. Krosschell further contended that section 197.122(1) of the Florida Statutes (2000), which authorized a property appraiser to correct "acts of omission or commission" at any time, was inapplicable in the instant proceeding, and the statute *660 that did apply, section 193.155 of the Florida Statutes (2000), did not allow for correction of the data entry error that occurred here.
Smith also filed a motion for summary judgment in which he argued that the erroneous assessment of Krosschell's property was a mistake of fact resulting from the data entry error that could be corrected. The circuit court granted summary judgment in favor of Krosschell, denied Smith's motion, and entered judgment which required Smith to appraise Krosschell's property at $188,700 for the year 2000 (i.e., the assessment value based on the data error without the existing home), concluding that this amount, even though based on a data entry error, established the base year just valuation for the property.
The Second District affirmed the summary judgment and concluded that Smith had no statutory authority on these facts to make a retroactive change in the base year assessment of Krosschell's homestead. See Krosschell, 892 So.2d at 1146. In support of its holding, the district court relied on Smith v. Welton, 729 So.2d 371 (Fla.1999), in which this Court held that on the facts presented there section 193.155(8)(a) of the Florida Statutes did not provide property appraisers the authority to make a retroactive change in the base year assessment of homesteaded property. See Krosschell, 892 So.2d at 1146. The Second District recognized that this statutory section had been amended in 2001 to allow property appraisers to make such a change; however, the court determined that the amendment applied only prospectively because there was no indication of legislative intent that it be applied retroactively. See id. at 1146-47. Concluding that all ambiguities in tax statutes are to be resolved in favor of the taxpayer, the Second District held that the 2000 version of the statute applied in the present case, and, therefore, Smith could not change the original assessed value of Krosschell's property. See id. at 1147.
The Second District certified direct conflict with Robbins v. Kornfield, 834 So.2d 955 (Fla. 3d DCA 2003), in which the Third District held that the same 2001 amendment to section 193.155 authorized property appraisers to retroactively correct errors in the calculation of the base year just value assessment of a property. See Kornfield, 834 So.2d at 957. This Court received oral argument in this case and subsequently ordered supplemental briefing from the parties to specifically address section 197.122 of the Florida Statutes, the statute that Krosschell claimed in his motion for summary judgment to be inapplicable in the present controversy.

ANALYSIS
After receiving supplemental briefing from the parties, we conclude that it is unnecessary in the instant case to resolve the issue of whether the 2001 amendment to section 193.155 applies retroactively. This conclusion is based on our determination that the decisions in Krosschell and Kornfield involve consideration of errors that are fundamentally different, and section 193.155(8)(a) of the Florida Statutes does not apply to the data entry error that occurred in the instant case.
A review of the conflict case, Kornfield, and the decision of this Court in Smith v. Welton, each of which interprets and applies section 193.155(8)(a), demonstrates that in each of these cases, a property appraiser underassessed some aspect of a homesteaded property. In Kornfield, the appraiser failed to consider a 1,610 square foot addition that had been made to the homesteaded property, and this addition escaped taxation for nine years. See 834 So.2d at 956. In Smith, a property appraiser *661 mistakenly underassessed 15,000 square feet of improvements to a 19,000 square foot building that served as a homestead. See 729 So.2d at 371-72. Thus, in each of these cases, the appraiser made an error in judgment when evaluating the property. On the other hand, in the instant case there has been no allegation that Smith made an error in judgment when he evaluated Krosschell's property; instead, a purely clerical data entry error occurred, and the square footage of Krosschell's base living area was accidentally eliminated and entered as zero.
Neither this Court nor any district court has utilized section 193.155(1) to address the correction of an administrative or clerical mistake such as a data entry error which totally eliminates the improvements on real property which are in place and previously in the records. Rather, the correction of mathematical, administrative, or clerical error such as this has been addressed under section 197.122(1) of the Florida Statutes or one of its statutory predecessors. This statutory provision provides, in pertinent part:
No act of omission or commission on the part of any property appraiser . . . shall operate to defeat the payment of taxes; but any acts of omission or commission may be corrected at any time by the officer or party responsible for them in like manner as provided by law for performing acts in the first place, and when so corrected they shall be construed as valid ab initio and shall in no way affect any process by law for the enforcement of the collection of any tax.
§ 197.122(1), Fla. Stat. (2005) (emphasis supplied). In the decision most similar to the instant case, a key-punch operator incorrectly entered the assessed value of a property as $260,000 rather than the correctly assessed value of $775,000. See Robbins v. First Nat'l Bank of South Miami, 651 So.2d 184, 184-85 (Fla. 3d DCA 1995). The Third District concluded that this error was correctable pursuant to section 197.122(1). See id. at 185.
In 1978, the First District concluded that a computer error that omitted a zero in the property owner's tax bill was correctable under a statutory predecessor to section 197.122(1). See Straughn v. Thompson, 354 So.2d 948, 949 (Fla. 1st DCA 1978); see also Allen v. Dickinson, 223 So.2d 310, 310 (Fla.1969) (holding that acts of omission or commission of "the purely ministerial or administrative type" are correctable under a statutory predecessor to section 197.122(1)); McNeil Barcelona Assocs., Ltd. v. Daniel, 486 So.2d 628, 629 (Fla. 2d DCA 1986) (multiplication of square footage by improper factor to obtain assessment value was correctable under a statutory predecessor to section 197.122(1)). We conclude that the computer data entry error that occurred in the instant case is more comparable to the clerical and mathematical errors that occurred in Robbins, Straughn, and McNeil Barcelona than the underassessments resulting from the errors in evaluation or judgment that occurred in Kornfield and Welton. Accordingly, we conclude that section 197.122(1), not 193.155(8)(a), applies to the error that occurred in the instant case, and pursuant to this statute, this error "may be corrected at any time." § 197.122(1), Fla. Stat. (2005).
To the extent Krosschell claims that permitting the correction of Smith's clerical error pursuant to section 197.122(1) violates the "Save Our Homes" cap of the Florida Constitution, the argument is without merit. Article VII, section 6, of the Florida Constitution affords a homestead tax exemption to individuals who maintain a permanent residence on real estate to which they hold legal or equitable title. See art. VII, § 6, Fla. *662 Const. In fact, elimination of the entire residence as occurred here in error may even impact the homestead classification status of the property if correct. In 1992, Florida voters approved a constitutional amendment to limit the amount that the assessed value of a homesteaded property may be increased in any given year. The "Save Our Homes" amendment provides, in pertinent part:
(c) All persons entitled to a homestead exemption under Section 6 of this Article shall have their homestead assessed at just value as of January 1 of the year following the effective date of this amendment. This assessment shall change only as provided herein.
(1) Assessments subject to this provision shall be changed annually on January 1st of each year; but those changes in assessments shall not exceed the lower of the following:
a. Three percent (3%) of the assessment for the prior year.
b. The percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967=100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
Art. VII, § 4(c), Fla. Const. The purpose of this amendment "is to encourage the preservation of homestead property in the face of ever increasing opportunities for real estate development, and rising property values and assessments." Zingale v. Powell, 885 So.2d 277, 281 (Fla.2004).
We have previously held that "fair market value and just valuation should be declared legally synonymous," and that fair market value "is the amount a purchaser willing but not obliged to buy, would pay to one willing but not obliged to sell." Walter v. Schuler, 176 So.2d 81, 85-86 (Fla.1965) (internal quotation marks omitted). Thus, under our precedent, an initial value assessment based on a clear and admitted data entry error which eliminates all improvements on the property not only would generate issues of homestead classification status but is not a "just value" assessment and it does not reflect the "fair market value" of the property. The "Save Our Homes" cap on annual assessments applies to homestead property that has been assessed at just value, and the cap is not implicated where there has been a data entry error which has eliminated all improvements from the records. Therefore, a clerical mistake such as the computer data entry error that occurred here produces a base year assessment that does not under these circumstances represent a "fair market value" of the homesteaded property, and the Save Our Homes cap does not forever "lock in" the erroneous data and resulting assessment, thereby allowing property owners to forever pay artificially reduced taxes as long as they own the property. Instead, we conclude that section 197.122(1) applies to correct this error, thereby allowing the appraiser to correct the erroneous data previously entered and erroneously changed to establish forever a "true just value" upon which the cap can be applied to tax increases in future years.
Were we to hold otherwise, manifestly unfair results would occur. Under Krosschell's argument, if the value of a $3 million homestead was, due to a data entry error of removing all improvements from the records, wrongly assessed at $1.00 in its base year, the next year the homestead could be assessed at no more that $1.03, then $1.06 the following year, and so on in perpetuity. Under such an interpretation, some homeowners would obtain an erroneous permanent windfall on their homestead property taxes, even if admittedly based on obvious data entry errors, while *663 other homeowners would bear a comparatively disproportionate share of the tax burden solely because their homesteads had been assessed based on correct data. The "Save Our Homes" Amendment was never designed or intended to allow a homestead owner to perpetuate an admitted data error and subvert the payment of property taxes forever. The law cannot encourage and advance consequences based on an admitted and clear computer entry error. As we once stated in an earlier case, "[j]ustice may be `blind' but it is not stupid," see Korash v. Mills, 263 So.2d 579, 582 (Fla.1972), and we cannot adopt a statutory interpretation that would produce such an absurd and unfair result. See Warner v. City of Boca Raton, 887 So.2d 1023, 1033 n. 9 (Fla.2004) (noting that statutory provisions should not be construed in a manner that would lead to an absurd result). Our interpretation of section 197.122(1) comports with the basic purpose of taxation: "That all taxpayers share in proportion to their assessments, the support of their government and the protection and services afforded to their property and to themselves, and that none bears an added or unfair burden by reason of other taxpayers not paying their just share." Korash, 263 So.2d at 582.
In conclusion, we hold that section 197.122(1), rather than section 193.155(8)(a), applies to correct the computer data entry error which occurred in the instant case and, pursuant to that subsection, Smith possesses the statutory authority to correct the erroneous data and result on the assessment of Krosschell's property "at any time." § 197.122(1), Fla. Stat. (2005). Accordingly, we quash Krosschell and remand this case to the district court for further consideration consistent with this opinion.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.