WARNER, J.
The property appraiser appeals a final judgment in favor of homeowners declaring null and void corrections in property value made by the appraiser for tax years 2011-13 on the appellees’ homestead property, due to the appraiser’s successful appeal of the Value Adjustment Board’s lowering of the value for the 2010 assess *727 ments; The appraiser argues that the corrections made to the 2011-13 tax year assessed values as a result of the circuit court’s upward adjustment of the value of the homestead for 2010 were ministerial and allowable. We agree that the statutes and rules allow for corrections to subsequent years’ values, which constitute mathematical corrections. However; the homeowners had the right to challenge the corrected valuations as being greater than market value, of which right they were deprived. We thus reverse and remand to allow for the correction of the valuations and also for new notifications to allow the homeowners their right to petition the Value Adjustment Board to contest the new valuations.
In 2008, the appellee homeowners purchased property in Palm Beach County for $23,500,000 and expended another $2,800,000 for improvements. They were given a homestead tax exemption for 2009. In 2010, the property appraiser’s office assessed the property at a market value of $19,780,167, which prompted the homeowners to petition the Value Adjustment Board (“VAB”) to reduce the assessment. Even though they had invested more than $24,000,000 in the property, they claimed that their homestead was worth only $12,000,000 due to a downturn in the real estate market. The VAB reduced the market value to $12,000,000. As required by section 193.122(3), Florida Statutes (2010), the property appraiser re-certified the tax roll after the VAB revision to $12,000,000. Exercising the right to challenge the VAB decision, the property appraiser filed an original action in the circuit court pursuant to sections 193.122(4) and 194.036(l)(a), Florida Statutes (2010).
Because the property was a- homestead, the Save Our Homes provision of section 193.155(1), Florida Statutes (2010), applied to any increases in the property’s value. The Save Our Homes cap allows an annual increase of only 3% in the assessed value of property, or the yearly increase in the Consumer Price Index, whichever is less. Under section 193.165(2),-Florida Statutes, if the capped value exceeds the -market value in a given year, the capped value will be reduced to the market value. Thus, the 2010 capped value of the homeowners’ homestead was lowered from $19,780,167 to $12,000,000.
While the property, appraiser’s suit challenging, the, VAB- reduction in value was pending, the property appraiser’s office applied the Save Our Homes cap to the VAB value of $12,000,000 for subsequent years so that the property’s value for tax purposes was capped at $12,180,000 in 2011, $12,545,400 in 2012, and $12,758,672 in 2013. Despite this reduction in valuation due to the VAB change, the property appraiser’s office still provided Truth in Millage (“TRIM”) notices to the homeowners showing the market (just) value of the property to be $17,865,887 in 2011, $17,762,500 in 2012, and $19,614,912 in 2013. The TRIM notices thus provided three' different values for the property: the market value estimated by the Property Appraiser, the capped or assessed value, and the taxable value.
The pending suit by the property appraiser led to a final judgment.in 2014 rejecting the VAB’s $12,000,000 assessment, as well as the property appraiser’s assessment of $19,780,167. The court found that the proper market value was $17,150,000. Neither side appealed the court’s judgment.
Thereafter, the property appraiser concluded that the capped values for 2011 through 2013 required recalculation since they had initially been calculated- based on the now-discarded $12,000,000 assessment. The property appraiser filed three Certificates of Correction to revise the 2011,2012 *728 and 2013 tax rolls. This changed the 2010 market value and assessed values to $17,150,000, and the capped valuations for the ensuing years were raised accordingly. As a result of the Certificates of Correction, the homeowners’ taxes increased over $90,000 for each of the three tax years.
The homeowners then filed a declaratory judgment action against the property appraiser and tax collector to dispute the right to the additional taxes. The property appraiser responded by pointing out that the final judgment had increased the market value assessment in 2010 from $12,000,000 to $17,150,000. Revision of the subsequent years’ valuations constituted a mathematical cori*ection authorized by Florida Administrative Code Rule 12D-8.021(2)(a)6, through the issuance of a Certificate of Correction.
In its ruling on the declaratory judgment, the court rejected the property appraiser’s argument that he was seeking to correct a clerical, administrative, mathematical, or factual error other than an error in judgment. The court found it was not an “error of omission or commission” under Florida Administrative Code Rule 12D-8.021(2)(a)(12), concluding that the rule seeks to prevent issuance of Certificates of Correction for errors of judgment. The court reasoned that the VAB, as well as the final judgment, were simply correcting an error in judgment as to the original valuation by the property appraiser, and the subsequent corrections were “seeking to make corrections based on a change in value due to an error in judgment.” The court also concluded that the property appraiser violated due process because he failed to provide the homeowners with notice and opportunity to challenge the corrections for 2011-13. The court found that under Florida Administrative Code Rule 12D-8.021(7) and (9), the homeowners were entitled to notice and an opportunity to seek review with the VAB for the 2011-13 years. From these rulings, the property appraiser appeals.
The question of whether the property appraiser’s reassessment of the homeowners’ property and the Certificates of Correction complied with Florida law is a question of law, thus subject to de novo review. Holland v. Gross, 89 So.2d 255, 258 (Fla. 1956). Statutory construction and interpretation of administrative rules are also legal issues subject to de novo review. W. Fla. Reg'l Med. Ctr. v. See, 79 So.3d 1, 8 (Fla. 2012).
Property taxes are collected on all nonexempt properties in Florida as a means of funding counties, school boards, and local governments. All non-exempt properties are subject to taxation, and the Florida Constitution provides that statutes and regulations must “secure a just valuation of all property!)]” Art. VII, § 4, Fla. Const. To that end, section 197.122(1), Florida Statutes (2013), provides for revision of property taxes where mistakes may be made in the assessment or collection of taxes:
An act of omission or commission on the part of a property appraiser, tax collector ... does not defeat the payment of taxes, interest, fees, and costs due and may be corrected at any time by the party responsible in the same manner as provided by law for performing acts in the first place. Amounts so corrected shall be deemed to be valid ab initio and do not affect the collection of the tax.
Further, Florida Administrative Code Rule 12D-13.006(2) provides:
The payment of taxes shall not be excused because of any act or omission or commission on the part of any property appraiser, tax collector, value adjustment board ....
*729 Additionally, Florida Administrative Code Rule 12D-8.021(2)(a) lists the types of errors which shall be subject to correction by the property appraiser. Among the twenty-six types of errors which can be corrected are “4. Error[s] in extending the amount of taxes due” and “6. Mathematical errors.” Fla. Admin. Code R. 12D-8.021(2)(a). As it is used in number 4, “extending” means the arithmetic computation of converting millage to the taxable value of property to determine the tax. See § 192.001(6), Fla. Stat. (2013). In addition, the rule provides that “[t]he correction of errors shall not be limited to the preceding [twenty-six] examples, but shall apply to any errors of omission or commission that may be subsequently found.” Fla. Admin. Code R. 12D-8.021(2)(b).
On the other hand, the property appraiser cannot correct certain errors which amount to changes in the property appraiser’s judgment. Fla. Admin. Code R. 12D-8.021(2)(d). These include “[a]ny error of judgment in land or improvement valuation.” Fla. Admin. Code R. 12D-8.021(2)(d)(5). In this context, the term “judgment” means, in part, “the opinion of value, arrived at by the property appraiser based on the presumed consideration of the factors in Section 198.011, F.S.” Fla. Admin. Code R. 12D-8.021(2)(d).
As applied to this case, the changes in value in the 2011-13 years constitute changes necessitated by the final judgment which established the initial homestead valuation in 2010 as $17,150,000. For the years thereafter, the property appraiser had to adjust the assessed value as required by the Save Our Homes cap. This constituted a strictly mathematical calculation. It did not amount to an opinion on value based upon the factors of section 193.011, Florida Statutes. It amounted to either a mathematical error, an error “extending the amount of taxes due,” or it falls within the catch-all category of errors “of omission or commission that may be subsequently found” and made necessary so as not to “defeat the payment of taxes” required of all property owners. Fla. Admin. Code R. 12D-8.021(2)(a).
In Smith v. Krosschell, 937 So.2d 658 (Fla. 2006), the supreme court considered the effect of a .data entry error which significantly undervalued homestead property by eliminating improvements on the property. The court held that the property appraiser could correct such an error at any time pursuant to section 197.122(1), Florida Statutes. Smith, 937 So.2d at 661. The court explained that the data entry error which eliminated improvements on the property was not a “just value” and did not reflect the “fair market value” of the property. Id. at 662. The court noted:
[T]he Save Our Homes cap does not forever “lock in” the erroneous data and resulting assessment, thereby allowing property owners to forever pay artificially reduced taxes as long as they own the property. Instead, we conclude that section 197.122(1) applies to correct this error, thereby allowing the appraiser to correct the erroneous data previously entered and erroneously changed to establish forever a “true just value” upon which the cap can be applied to tax increases in future years.
Id. Similarly, in the present case, the 2010 erroneous valuation does not forever “lock in” a reduced valuation for subsequent years. Once the valuation is corrected pursuant to the final judgment, it allows the appraiser to correct the mathematical calculation of the Save Our Homes valuation in subsequent years. Therefore, the court erred in concluding that the correction constituted an error of judgmént. The error was correctable under the statute and applicable rule.
*730 The property appraiser had the authority to-issue Certificates of Correction for the years 2011-13. Notice of the certificates was furnished to the homeowners, who then sought review before the VAB. Unfortunately, the VAB rejected the petitions. In the declaratory judgment, the homeowners sought a declaration of their rights in that they have been denied the ability to challenge the corrected assessments. They contended that the property value continued to fall during the years in question. Thus, they would seek to prove that the market or just value of the property was less than the Save Our Homes capped value for each year. We agree with the trial court that they should be allowed to make that challenge and were denied due process.
The Taxpayer Bill of Rights, section 192.0105, Florida Statutes (2016), gives to the taxpayer the right of due process in the assessment and tax collection process. It allows the taxpayer the right to be sent notices of proposed property taxes and assessments, as well as the right to both an. informal conference with the property appraiser regarding valuation as well as the right to petition .the VAB regarding objections to assessments. Id, Tp effectuate these rights in connection with the property appraiser’s ability to correct errors in assessed valuations, rule 12D-8.021 contains notice and remedy provisions:
(9) The property appraiser shall notify :the property owner of the increase in the assessed valuation. The notice to the property owner by the property appraiser shall state that the property owner shall have the right to present a petition to the value adjustment board relative to the correction, except when the property appraiser has served a notice of intent to record a lien when property has improperly received homestead exemption.
(10) If the value adjustment board has adjourned, the property owner shall be afforded the following options when an error has beenmade which, when corrected, will have the effect of increasing the assessed valuation ahd, subsequently the taxes. The options are:
[[Image here]]
(b) The property owner may refuse to waive the - right to petition the value adjustment board at which time the property appraiser shall notify the proper owner and tax collector that the correction shall be placed on the current year’s tax roll and also at such time as the subsequent year’s tax roll is prepared, the property owner shall have the right to file a petition contesting the corrected assessment,
(c) If the value adjustment board has adjourned for the year or the time for filing petitions has elapsed, a back assessment shall be considered made within the calendar year if, prior to the end of the calendar year, a signed Form DR-409, Certificate of Correction (incorporated by reference in Rule 12D-16.002, F.A.C.) or a supplemental assessment roll is tendered to the tax collector and a notice of proposed property taxes with notice of the right to petition the next scheduled value adjustment board is mailed or delivered to the property owner.
Fla. Admin. Code R. 12D-8.021.
On this record, the VAB:had:adjourned for the years in question and option “c” was the only available option for the petitioners. The property appraiser had furnished the Certificate of Correction. As required by the rule, the notice of proposed property taxes “with notice of the right to petition the next scheduled value adjustment board”- should have -been mailed to the property owner. Fla. Admin. Code R. 12D-8.021(10)(c). Then the home *731 owners would have been entitled to contest the corrected assessments at the “next schedule value adjustment board.” Id. The homeowners are entitled to this relief. On remand, the property appraiser shall furnish the notice, and the next scheduled VAB shall consider any petition to the prior years’ corrected assessments as they may file.

Reversed and remanded for proceedings consistent with this opinion.

Gerber and Kuntz, JJ., concur.