NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SUSAN K. DEFRANCES, )
)
   Appellant, )
)
v. )   Case No. 2D17-3973
)
BILL FURST, as Property Appraiser of )
Sarasota County, Florida, BARBARA )
FORD-COATES, as Tax Collector of )
Sarasota County, Florida, and )
LEON M. BIEGALSKI, as )
Executive Director of the Florida )
Department of Revenue, )
)
   Appellees. )
_____ )

Opinion filed March 27, 2019.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Sherri L. Johnson of Johnson Legal of
Florida, Sarasota, for Appellant.

J. Geoffrey Pflugner, Anthony J.
Manganiello, and Jason A. Lessinger of
Icard, Merrill, Cullis, Timm, Furen &
Ginsburg, P.A., Sarasota, for Appellee Bill
Furst, as Property Appraiser of Sarasota
County.

Ashley Moody, Attorney General,
and Robert P. Elson, Assistant Attorney
General, Tallahassee, for Appellee
Marshall Stanburg, as Executive Director
of the Florida Department of Revenue.

No appearance for Appellee Barbara
Ford-Coates.

KELLY, Judge.

Susan K. DeFrances appeals from a final judgment in favor of the
Department of Revenue and the Sarasota County Property Appraiser and Tax Collector
finding that her property is subject to assessment for back taxes for the year 2014.
Section 193.092, Florida Statutes (2013), authorizes the assessment of property for
back taxes where the property has escaped taxation. Because we conclude that Ms.
DeFrances's property did not escape taxation, we reverse.

The facts are not in dispute. Ms. DeFrances holds a life estate in a large
parcel of waterfront property in Sarasota County. She resides in a single family home
situated on the property. There is also a rental home on the property. In 2014, the
Property Appraiser assessed the value of the property at $302,400. Ms. DeFrances
timely paid the taxes. The previous year, the property had an assessed value of
$2,269,560. The change in assessed value occurred when the Property Appraiser's
office transferred data from one computer assisted mass appraisal system to another.[1]
Eventually, the Property Appraiser's office became aware that an error had occurred
during the transfer, and as a result, in 2015, it sent Ms. De Frances a Notice of

---

[1]The parties have characterized what happened as being in the nature of
a clerical or administrative error. In 2013, the system valued the parcel by treating it as
being made up of five lots each with its own value. The new system, however, used a
different methodology (per front foot versus per lot) to arrive at the value of the parcel,
which it treated as a single parcel made up of a single lot. Other factors that the new
system used to calculate value were not entered into the system resulting in the
reduced value. The new system also applied Ms. DeFrances's homestead exemption to
the entire parcel.

Proposed Increase in Assessed Value and Taxes notifying her that the 2014 assessment was being retroactively increased to $4,920,600.  She also received a bill from the Tax Collector for $26,254.30 in back taxes for the 2014 tax year.

Ms. DeFrances filed a three count declaratory judgment action challenging the 2014 back taxes, the 2014 revised assessed value, and the 2015 assessed value. Ultimately, the trial court ruled against her on all counts.  In this appeal, we are asked to review only the trial court's judgment as to the count challenging the 2014 back taxes.

Section 193.092 governs the assessment of property for back taxes.  Ms. DeFrances's complaint sought a declaration that the assessment of back taxes against her was not authorized by section 193.092(1), which requires property appraisers to assess back taxes, for up to three years, on property that should have been taxed but was not.[2]  "Only property which has 'escaped taxation' may be back-taxed under

_____

[2]In pertinent part, section 193.092(1) states:

When it shall appear that any ad valorem tax might have been lawfully assessed or collected upon any property in the state, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of 3 years next preceding the year in which it is ascertained that such tax has not been assessed, or levied, or collected, then the officers authorized shall make the assessment of taxes upon such property in addition to the assessment of such property for the current year, and shall assess the same separately for such property as may have escaped taxation at and upon the basis of valuation applied to such property for the year or years in which it escaped taxation, noting distinctly the year when such property escaped taxation and such assessment shall have the same force and effect as it would have had if it had been made in the year in which the property shall have escaped taxation, and taxes shall be levied and collected thereon in like manner and together with taxes for the current year in which the assessment is made.  But no property shall be assessed for more than 3 years' arrears of taxation, and all property so escaping taxation shall be subject to such taxation to be assessed in whomsoever's hands or possession the same may be found, except that property acquired by a bona fide purchaser who

[section 193.092(1)]." <u>Okeelanta Sugar Refinery, Inc. v. Maxwell</u>, 183 So. 2d 567, 568 (Fla. 4th DCA 1966). "Once the Tax Assessor has certified the tax roll and the tax levied thereon paid on particular described property, said property cannot again be taxed for that particular year." <u>Id.</u>

While there is no statutory definition of "escape taxation," Florida Administrative Code Rule 12D-8.006(1), which implements section 193.02(1), provides:

> "Escape taxation" means to get free of tax, to avoid taxation, to be missed from being taxed, or to be forgotten for tax purposes. Improvements, changes, or additions which were not taxed because of a clerical or some other error and are a part of and encompassed by a real property parcel which has been duly assessed and certified, should be included in this definition . . . Property under-assessed due to an error in judgment should be excluded from this definition. <u>Korash v. Mills</u>, 263 So. 2d 579 (Fla. 1972).

The first part of the definition appears to have originated in <u>Okeelanta</u> in which the court held that "escape taxation" means "to get free of tax, to avoid taxation, to be missed from being taxed, or to be forgotten for tax purposes." 183 So. 2d at 568.

Ms. DeFrances's property was not missed, overlooked, or forgotten—the entire parcel as well as the improvements were assessed and included on the tax roll. In fact, the Property Appraiser acknowledged this in answers to interrogatories: "[T]here is no specific, defined area of land that escaped taxation since the land was valued as a

---

was without knowledge of the escaped taxation shall not be subject to assessment for taxes for any time prior to the time of such purchase, but it is the duty of the property appraiser making such assessment to serve upon the previous owner a notice of intent to record in the public records of the county a notice of tax lien against any property owned by that person in the county.

whole." Rather, the property was undervalued as the result of an error. The appellees argue that because the error is the type the Property Appraiser may correct under rule 12D-8.021, the resulting back taxes may be assessed. We disagree. Rule 12D-8.021 sets forth the procedure for the correction of errors by property appraisers, it does not address the circumstances under which back taxes may be assessed. Section 193.092 governs when back taxes may be assessed, and it authorizes back taxes when property has "escaped taxation," not when it has simply been mistakenly undervalued. See Countryside Country Club, Inc. v. Smith, 573 So. 2d 14, 16 (Fla. 2d DCA 1990) (stating that although a property appraiser is allowed to correct clerical errors and to assess back taxes on property that has escaped taxation, he may not reassess property once taxes are levied and paid); United Tel. Co. of Fla. v. Colding, 408 So. 2d 594, 595 (Fla. 2d DCA 1981) (distinguishing between property that has escaped taxation versus property that has been taxed but was erroneously valued); Okeelanta, 263 So. 2d at 568 (noting that section 193.092 is not a basis for the correction of tax rolls that have been accepted and certified by the property appraiser).

The appellees argue that Korash v. Mills, 263 So. 2d 579 (Fla. 1972), stands for the proposition that back taxes may be assessed where a property partially escapes taxation in that a portion of the value of the property has escaped taxation. On the contrary, Korash cites Okeelanta with approval and reaffirms that a back assessment that simply increases the valuation of property that was already assessed is void. See Korash, 263 So. 2d at 580-81.

In Korash, the property in question was an oceanfront lot upon which a motel had been built. 263 So. 2d at 579-580. The property appraiser assessed the

land and the motel separately and recorded the values on separate cards. Somehow the cards got separated, and only the value reflected on the card pertaining to the land was entered on the tax roll. Id. at 580. The following year the error was discovered and the property appraiser increased the assessment for the prior year. The owner refused to pay the back tax assessment arguing that for tax purposes the property included the land together with the improvements, that they could not be assessed separately, and that the late assessment of the motel separately was an improper attempt to increase the prior year's valuation. The lower court agreed. Id.

The supreme court disapproved the lower court's decision. It began its analysis by explaining that the flaw in the lower court's reasoning was in characterizing what happened as an increase in valuation for the prior year. Id. It continued stating:

> If it Were only for the purpose of an Increase in the valuation of the total property then we would agree with the chancellor, for it has been consistently so held. It will be seen however that in these prior cases the increase has been an attempted increase in Amount only (after an assessment of the improvement for a total lesser Amount) and not instances where the entire improvement was skipped and failed to be noted at all for taxation because of error or oversight as in the present case.

Id. at 580-81 (alteration in original) (footnote omitted). Here, no portion of Ms. DeFrances's property was skipped—it is an increase in amount of the valuation of the total property.

The appellees' argument relies in part on a sentence in Korash that states, "we have here an instance where the principal value of the property has indeed 'escaped' taxation which is fairly within the contemplation of [section 193.092]." Id. at 581-82. But read in context, this sentence is no more supportive of their position than

the rest of the opinion.  The court takes pains to distinguish between property that has not been assessed at all and property that has been assessed but undervalued due to an error:

> We must keep in mind the distinction between changes and "miscalculations" by the assessor which "up" the amount previously assessed after tax roll certification, and the situation here where there has been no billing at all on the improvement (or it could be a separate, "overlooked" parcel of land) which has been completely excluded from the tax roll.
>
> The distinction is clear.  The "back assessment" here was in fact the initial and original assessment never theretofore assigned to the principal value of the property, a new $650,000.00 motel.  There has been no reevaluation, no recalculation and no reassessment of the property in this sense.  It simply turns out to be a separate assessment of land and buildings which, while not intended to be the usual manner of assessment, was the result of oversight and was without any change in the basic valuation made by the assessor but "lost" on a separate card [the previous year].

Id.

The appellees also assign significance to the fact that Korash notes that the change in the assessment was the result of an error and not the result of change in judgment by the assessor.  Again, in context this distinction is of no benefit to the appellees.  The court is distinguishing the facts before it from those in Markham v. Friedland, 245 So. 2d 645 (Fla. 4th DCA 1971), in which an increase in an assessment due to the inclusion of an omitted improvement was precluded because the omission was the result of an exercise in judgment by the assessor rather than an error:

> Markham [v. Friedland] involved the unusual circumstance of a difference in Judgment by successive tax assessors, one placing a partially completed structure on the tax roll as "substantially complete" and then "after very careful consideration" striking it; the

other belatedly in 1969 (after certification) trying to add the improvement as "85% Complete." This falls within the "judgment exercised" theory described Subjudice, resulting in a rare instance of precluding the back assessment of an "omitted improvement" because it really had not escaped consideration. We do not see this result as inconsistent with our view.

Korash, 263 So. 2d at 581.

The principle that a partial escape from taxation that is the result of a correctable error is encompassed by section 193.092(1) is reflected in rule 12D-8.006(1) which specifies that "[i]mprovements, changes, or additions which were not taxed because of a clerical or some other error and are a part of and encompassed by a real property parcel which has been duly assessed and certified, should be included in this definition if back taxes are due." Robbins v. Kornfield, 834 So. 2d 955 (Fla. 3d DCA 2003), illustrates the application of this principal, albeit in a case that seems primarily concerned with when a property appraiser can make changes to a base year assessment of homestead property. In Kornfield, the taxpayers built an addition to their home that increased its square footage. Id. at 956. Due to an error by the property appraiser, that additional square footage was not included in the calculation of the value of the property for nine years. Id. When the property appraiser discovered the error, it placed a back assessment on the property and sought back taxes for three of the nine years pursuant to section 193.092. Id. On appeal, the court approved the back assessment on the portion of the property that escaped taxation. Id. at 957.[3]

_____

[3]In Smith v. Krosschell, 937 So. 2d 658 (Fla. 2006), the court also addressed the question of when a property appraiser could make retroactive changes to the base year assessment of homestead property. In the case before it, a data entry error had eliminated the homestead dwelling entirely from the property records. Id. at 659. The court concluded that a data entry error that "totally eliminates the improvements on real property" is subject to correction under section 197.122(1),

While the error here may be correctable in the records of the Property Appraiser, it did not result in any portion of Ms. DeFrances's property escaping taxation as that term has been defined in the case law or as it is defined in rule 12D-8.006. The entire parcel and all the improvements were assessed and placed on the tax roll. The correction here did nothing more than increase the valuation of property that had already been assessed. Therefore, we reverse the summary judgment in favor of the appellees, and remand with directions to the trial court to enter judgment in favor of Ms. DeFrances as to count 1 of her complaint.

Reversed and remanded.

NORTHCUTT and LUCAS, JJ., Concur.

---

Florida Statutes. Id. at 661. Kornfield had found the error in that case correctable under a recent amendment to section 193.155, Florida Statutes. The Krosschell opinion opts not to resolve whether the amended version of section 193.155 applies and limits its discussion to the correction of errors under 197.122(1). Id. at 660-61. The opinion addresses only the issue of when a base year assessment of homestead property may be corrected—it does not speak to the issue of when back taxes may be assessed in connection with the correction of an error.