DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.N.,**
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D17-704

[March 14, 2018]

Appeal from the Department of Children and Families; L.T. Case Nos. 16F-07199 and 1371323542.

A.N., Fort Lauderdale, pro se.

Edmund M. Haskins, Fort Lauderdale, for appellee.

GERBER, C.J.

The appellant appeals from a final order issued by the Department of Children and Families, finding that the appellant's receipt of a Florida Retirement System (FRS) pension disqualified him from being eligible to compromise an overpayment which he received from the Department for food assistance. The appellant argues, among other things, that the final order is incorrect as a matter of law. We agree with the appellant, and conclude that the appellant's receipt of an FRS pension did not disqualify him from being eligible to compromise the overpayment. Thus, we reverse.

The Department sent the appellant a notice informing him that for an eleven month period, he received $1,958.00 more in food assistance benefits than he was entitled to receive. The notice further informed the appellant that he could enter into a repayment agreement with the Department or request the Department to compromise the overpayment.

The notice referred to Florida Administrative Code Rule 65A-1.900, which outlines the procedure by which an individual may request the Department to compromise an overpayment. Rule 65A-1.900 states, in pertinent part:

(6)  Compromising Food Stamp Claims.  . . .

(a)  Individuals with an overpayment claim in the Food Stamp Program may request a compromise of their claim at any time after they are notified of the claim.

(b)  For purposes of a compromise request made pursuant to this rule, *the Department will determine [if] the economic household circumstances reasonably demonstrate the overpayment claim will not be paid within three years of being notified of the overpayment claim and* <u>*will compromise to zero dollars when at least one of the following is present*</u>:

1.  The death or prognosis of death of any liable individual within three years of being notified;

2.  Pending litigation in a court, including a bankruptcy court, that involves any liable individual's obligation to repay the overpayment within three years of being notified;

3.  Any liable individual is sentenced to a period of incarceration that will expire after the three-year period the overpayment is expected to be paid; or

4.  <u>*The liable individual(s) sole household's income is based only on either age or disability projecting a fixed, limited economic potential to repay the overpayment within three years.*</u>

(c)  The Department requires verification of subparagraphs 1. through 4. above.  When a decision is made concerning the compromise request, the Department will provide written notice of the decision including information about hearing appeal rights.

(d) Liable individual(s) can request a compromise even if subparagraphs (b)1. through 4. above do not apply.  The request and any other related information provided must clearly show the overpayment claim will not be paid within the three-year period.  The Department will not speculate about the liable individual's ability to repay the overpayment.  If the Department must speculate about the liable individual's ability to repay the overpayment, the Department will deny the request and provide written notice of the decision.

Fla. Admin. Code. R. 65A-1.900(6) (2016) (emphasis added).

The appellant requested a compromise under rule 65A-1.900(6)(b)4. ("The liable individual(s) sole household's income is based only on either age or disability projecting a fixed, limited economic potential to repay the overpayment within three years.") and rule 65A-1.900(6)(d) ("The request and any other related information provided must clearly show the overpayment claim will not be paid within the three-year period.").

The Department notified the appellant that it denied his request for compromise, and that he remained liable for the full amount of the overpayment claim.

The appellant appealed the denial to the Department's Office of Appeal Hearings. One of the Department's hearing officers convened a hearing to consider the appellant's appeal.

At the hearing, the appellant indicated that he was seventy years old, had retired at age sixty-eight from a position with the Miami-Dade Public Schools, was receiving a Miami-Dade Public Schools pension of $257 per month, and was receiving Social Security payments of $957 per month, for a total fixed monthly income of $1,214. The appellant also submitted records indicating his necessary monthly expenses exceeded his fixed monthly income. Based on these facts, the appellant argued he was entitled to a compromise under rule 65A-1.900(6)(b)4. and rule 65A-1.900(6)(d).

The Department did not challenge the appellant's circumstances. Instead, the Department's compromise specialist testified that the appellant did not qualify for a compromise under either rule 65A-1.900(6)(b)4. or rule 65A-1.900(6)(d). More specifically, the Department's compromise specialist repeatedly testified that the appellant's receipt of his pension disqualified him from being eligible to compromise an overpayment because, according to the compromise specialist, the appellant's pension is not based on age or disability.

The appellant responded that his pension was solely based on his age. The hearing officer then asked the appellant to clarify whether his pension was based on his age or the amount of time he had been working. The appellant responded: "[I]t is based on age."

The hearing officer later entered a final order denying the appellant's appeal. In the final order, the hearing officer quoted the four compromise

criteria specified in rule 65A-1.900(6)(b) and found: "The [appellant] did not meet any criteria in subparagraphs one through four above, especially number four (4), *because his pension is not based on age or disability*." (emphasis added).

This appeal followed. The appellant argues, among other things, that the final order is incorrect as a matter of law because neither the Department nor the hearing officer cited any statute or rule supporting the finding that the appellant's receipt of an FRS pension disqualified him from a compromise on the overpayment. The appellant requests that pursuant to rule 65A-1.900(b)(6), he should be granted a full compromise resulting in his food assistance overpayment being reduced to zero.

Our review is de novo. *See Nikolits v. Haney*, 221 So. 3d 725, 728 (Fla. 4th DCA 2017) ("Statutory construction and interpretation of administrative rules are . . . legal issues subject to de novo review.").

We agree with the appellant's argument. The Florida Retirement System provides retirement income to a county employee upon the employee attaining a specified age. *See generally* § 122.08(1)(a), (2)(a), Fla. Stat. (2016). Thus, the appellant's receipt of an FRS pension based on his age did not disqualify him from a compromise on the overpayment under rule 65A-1.900(6)(b)(4)'s plain language.

Based on the foregoing, the Department and the hearing officer erred as a matter of law in denying the appellant's request for a compromise on the overpayment under rule 65A-1.900(6)(b)4. We reverse the hearing officer's final order, and remand for the Department to compromise the appellant's overpayment claim to zero dollars.

*Reversed and remanded for proceedings consistent with this opinion.*

GROSS and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

4